Lydia Burt, executrix, *vs.* Stephen B. Allen.

By virtue of the Gen. Sts. *c.* 131, § 37, and notwithstanding § 34, the admission in evidence of a deposition taken in another state, under a commission, by a magistrate whose certificate states that the deponent swore to the truth of the deposition, but does not state that he was sworn before he was examined, is within the discretion of the court.

Gray, J. The single exception in this case is to the admission in evidence, at the trial in the superior court, of a deposition taken under a commission from that court, in the state of Maine, upon written interrogatories and cross-interrogatories, before a justice of the peace, who certifies thereon that the deponent " made solemn oath that the within and foregoing deposition by her subscribed contains the truth, the whole truth, and nothing but the truth."

The Gen. Sts. *c.* 131, §§ 34–36, provide that the deposition of a witness without the state may be taken under a commission from the court, or before a commissioner appointed by the governor for that purpose, " and may be used in the same manner, and subject to the same conditions and objections as if it had been taken in this state;" that every such deposition shall be taken upon written interrogatories and cross-interrogatories

and that the courts may make rules, not inconsistent with the provisions of law, as to the issuing of commissions, the filing of interrogatories, "and all other matters relating to depositions taken out of the state."

Section 37 of the same chapter declares that "depositions and affidavits taken out of the state in any other manner than is prescribed in the three preceding sections, if taken before a notary public or other person authorized by the laws of any other state or country to take depositions, may be admitted or rejected at the discretion of the court; provided, that no such deposition or affidavit shall be admitted unless it appears that the adverse party had sufficient notice of the taking thereof and opportunity to cross-examine the witness, or that from the circumstances of the case it was impossible to give him such notice."

If the deposition in this case had been taken in this state, it would have been inadmissible in evidence, by reason of the omission of the magistrate to certify that the deponent was sworn to testify the truth, &c., "relating to the cause for which the deposition is taken," as required by the Gen. Sts. *c.* 131, §§ 23, 26. *Simpson* v. *Carleton*, 1 Allen, 109. *Bacon* v. *Rogers*, 8 Allen, 146. And it was ingeniously argued that a deposition taken before a commissioner out of the state could only by § 34 " be used in the same manner and subject to the same conditions and objections as if it had been taken in this state;" and that § 37, being limited to "depositions and affidavits taken out of the state in any other manner than is prescribed in the three preceding sections," did not apply to a deposition taken by commission.

But this argument is opposed to a series of decisions by which it has been determined that depositions taken out of the state upon commission, before a person authorized by the law of the place to take them, and with opportunity for cross-examination, may be admitted or rejected at the discretion of the court before which the trial is had, and that no exception lies to the exercise of such discretion. *Amherst Bank* v. *Root*, 2 Met. 522. *Sabine* v. *Strong*, 6 Met. 270, 279. *Quinley* v. *Atkins*, 9 Gray

370. *Howe* v. *Pierson*, 12 Gray, 26. *Stiles* v. *Allen*, 5 Allen, 320. *Bacon* v. *Rogers*, 8 Allen, 146. *Tyng* v. *Thayer*, Ib. 391. In the first of these cases, the caption was in the very form of that upon the deposition now before us, and the point that the deposition was not taken according to the Rev. Sts. *c.* 94, §§ 30–32, (which correspond to the Gen. Sts. *c.* 131, §§ 34–36, as § 33 of those does to § 37 of these,) was made by counsel, and overruled by the court. In the second case, Chief Justice Shaw stated the reasons of the rule more fully, saying, " It is to be considered that these commissions are to go to foreign places, often governed by laws and usages widely different from our own, and therefore some such form of specific instructions is highly expedient, to insure regularity and uniformity in the mode of taking evidence under them. But if they should be regarded as conditions, the more minute and exact the directions, the more difficult it would be to obtain a deposition which would be admissible. If, indeed, there should appear such a considerable departure from the directions as to show a gross neglect or wilful violation of duty, or to indicate any partiality, misconduct or impropriety on the part of the commissioner, it will be the duty of the judge at the trial to reject the deposition."

The construction of the statutes is settled by these decisions to be, that any foreign deposition, taken before an authorized person, and with opportunity for cross-examination, if possible, may be admitted or rejected at the discretion of the court, if taken " in any other manner than is prescribed " in the earlier sections, whether the difference in the manner of taking consists in the magistrate not being a commissioner, in the want of any commission, or in the failure to pursue the prescribed forms in the execution of a commission. The party in whose behalf a foreign deposition is taken is not entitled to use it as matter of right, unless it is taken before a commissioner and with all the forms prescribed in the case of a domestic deposition. But if he attempts to have it so taken, and fails in some particular, by reason of inadvertence or ignorance of the magistrate, or other cause, it is within the discretion of the court to admit the deposition if the magistrate was authorized by the law of his own

state to take it, and the adverse party had notice and oppor-
tunity to cross-examine the witness, if possible.

*Exceptions overruled.*

*G. E. Williams,* (*E. Ames* with him,) for the plaintiff.

*C. A. Reed,* (*J. Brown* with him,) for the defendant.