STATE *v.* INGERSON.

A witness may be required to give his deposition in this state in pursuance of an order made by a court of another state, if it can be used in that court.

HABEAS CORPUS, on the petition of John Adden, a resident and citizen of New Hampshire.    A petition was presented to the court of insolvency in Massachusetts by the assignee of an insolvent, alleging that he suspected Adden had colluded with the insolvent to defraud the creditors of the insolvent and prevent a large part of his assets from coming to the assignee, and praying for a commission to take his deposition in this state.    The court ordered that Adden appear before a commissioner of Massachusetts, residing in New Hampshire, submit to examination, and answer such written interrogatories as might be propounded upon the matters set forth in the petition.    A commission was issued, addressed to any commissioner of Massachusetts, justice of the peace, or other officer legally empowered to take depositions in New Hampshire, authorizing him to take the deposition of Adden in writing, and to put the interrogatories propounded in behalf of the assignee upon the matters set forth in the petition.    The commission was delivered to a justice of the peace, who was not a commissioner of Massachusetts.    Adden appeared before the justice, but refused to testify, and the justice committed him to the jail of which the defendant is keeper.    No interrogatories accompanied the commission.

*Ray, Drew, Jordan & Carpenter,* for the petitioner.

*W. Heywood,* for the defendant.

STANLEY, J.   If Adden's testimony, taken under this commission, could be used in any legal proceeding, for any purpose, in Massachusetts, the magistrate could require him to answer, and order his commitment if he refused.   *Burnham* v. *Stevens*, 33 N. H. 247 ; *State* v. *Towle*, 42 N. H. 540.   The commission was issued under the provisions of Mass. Pub. St., *c.* 157, *s.* 70.   The object of this statute is to enable creditors to discover and pursue property which has been so withdrawn from the assets of the insolvent that it cannot be made applicable to the satisfaction of the general debts to which it ought to be applied.   The purpose is, by a thorough investigation of the case, and an appeal to the conscience of the party suspected, to enable the assignee to judge whether he will reclaim such property for the general creditors, and to obtain evidence to aid him in prosecuting the claim.   Such examination embraces inquiries tending to discover property concealed or withdrawn from the custody or possession of the assignee.   The right to require such disclosure is fully sustained.   *Harlow* v. *Tufts*, 4 Cush. 448, 452, 453 ; *Church* v. *Choate*, 9 Allen 573 ; *Sawin* v. *Martin*, 11 Allen 439.   If it is true, as the petitioner suggests, that the purpose of this proceeding is to obtain evidence to be used as the foundation of suits against him to recover property for the benefit of the creditors of the insolvent, that is no objection to the examination.   It is the duty of courts of different countries to aid each other for the furtherance of justice.   When the testimony of a witness who resides abroad is necessary, the tribunal where the action is pending may send to the tribunal within whose jurisdiction the witness resides to take his testimony.   1 Gr. Ev., *s.* 320.

It is claimed that the deposition of the witness cannot be taken under Pub. St., *c.* 157, *s.* 70, because an examination can be had only before the court or a commissioner within Massachusetts. And it is also objected that because the order was for the witness to appear before a commissioner of Massachusetts residing in New Hampshire, a commission issued in pursuance of that order could not authorize a justice of the peace to take the deposition.   The power of the insolvent court of Massachusetts in regard to taking testimony is the same as that of the superior court, which has power to take depositions without the state; and depositions taken ·without the state, in any manner, if taken before any person authorized to take depositions by the laws of the state where they are taken, may be admitted at the discretion of the court.   Pub. St., *c.* 169, *ss.* 40–43 ; *Howe* v. *Pierson*, 12 Gray 26, 27 ; *Burt* v. *Allen*, 103 Mass. 41, 43.   To the exercise of this discretion no exception can be taken.   *Woods* v. *Clark*, 24 Pick. 41 ; *Stiles* v. *Allen*, 5 Allen 320.   It is not necessary to inquire whether the deposition will be admitted by the court in Massachusetts.   The petition, order, and commission appear to be in proper form ; and whether the court acted without authority it is not necessary for us to determine.   It is enough that it is probable that the court in

Massachusetts would receive the deposition in evidence, and that there is no reason growing out of the rights of the people of New Hampshire why that court should not have an opportunity to decide whether, as a matter of absolute technical right, or as a matter of discretion, it will admit the deposition in evidence.

It is further objected that there was no notice to the adverse party. There is no adverse party. This is a proceeding *in re ;* the assignee is the only party, and notice to him is unnecessary because the commission was issued on his motion. The insolvent is not affected by the proceeding. It is objected that the examination was ordered upon written interrogatories, and none accompanied the commission. The purpose of written interrogatories was to enable the court to examine them in order to judge of their competency. If they were reduced to writing before being put to the witness, that is sufficient.

*Petition denied.*

CARPENTER, J., did not sit: the others concurred.