## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

MURRELL v. DIGGS.

MAY 10th, 1888.

Absent, Richardson, J.

DEED—*Certificate of acknowledgment—Collateral attack.*—The act of an officer in
taking an acknowledgment of a deed, followed by recordation, is judi-
cial in its character, and cannot be impeached collaterally.  *Carper* v.
*McDowell*, 5 Gratt., 212.

Error to judgment of circuit court of city of Lynchburg,
rendered May 19th, 1887, in an action of ejectment wherein
the defendant in error, J. S. Diggs, was plaintiff, and the plain-
tiff in error, Fauntleroy Murrell, was defendant.  Opinion
states the case.

*W. W. Larkin,* for the plaintiff in error.

Upon the trial of the action of ejectment on the issue joined
of " not guilty," after the plaintiff had introduced in evidence
the deed of the 18th of November, 1881, purporting to be exe-
cuted by the plaintiff in error and his wife to John H. Lewis,
trustee, and the deed of the 15th day of December, 1886, by
John H. Lewis, trustee, to said plaintiff, the defendant intro-
duced a witness (the said Fauntleroy Murrell) for the purpose
of showing that at the sale of the real estate mentioned in the
deed of trust of the 18th November, 1881, he was present at
said sale and forbid the sale on the ground that the deed of

trust aforesaid was a forgery; was never heard of by him
before steps were taken to sell his house and lot; that he never
executed the said deed, nor authorized any one for him to do
so; and, for the purpose of showing further that said deed of
trust was not executed by him, offered to prove that no ·con-
sideration ever existed for said deed; that he further offered
J. S. Diggs as a witness for the purpose of showing that
he is not a purchaser for value without notice, and offered
to prove by said witness that on the day of sale, and be-
fore the property was bought by him, said defendant notified
him by public proclamation that said deed was not executed
by him, but was a forgery and void; that he further offered
another deed, bearing date on the 18th November, 1881, of the
same date of the forged deed, and also the book of the Tobacco
City Building-Fund association, kept by A. M. Davies, for the
purpose of showing, by entries therein made by said Davies,
that the whole purchase-money had been paid said association;
that said Davies was the original beneficiary in said deed of
trust.  But the court refused to permit any evidence to be in-
troduced to disprove the execution of said deed of trust by the
plaintiff in error, and that the same was forged throughout, on
the ground that said deed, having been duly recorded, could
not be questioned as to its genuineness or its execution in-
quired into.

1. The court erred in not allowing the said testimony to go
to the jury.

2. The plaintiff in error had the right, under the general
issue, to prove that said deed was a forgery, and that the same
was not signed, sealed, and delivered by him.

The instrument of conveyance was directly in issue, and
defendant could have pleaded *non est factum* but for the statute
restricting the general issue to the plea of not guilty.  See
*Taylor* v. *King*, 6 Munf., 366: " In a court of law fraud may
be given in evidence to vacate a deed if that fraud relates to

the execution of the instrument, as if it be misread," &c.   Op.
Roane, J.

Even the acknowledgment of a deed before the proper
officers by the grantor and their certificate is not conclusive.
*Hutchinson* v. *Rust,* 2 Gratt., 394. "Under a denial, the bur-
den is on plaintiff to prove delivery" of deed.   Abbott's Trial
Ev., 694.   Other citations: Sedgwick & Waite on Trial of
Title, § 822; 12 Johns., 421, 536.   That execution of deed may
be questioned, though acknowledged and recorded, see *Gould*
v. *Day,* 94 U. S. R., 405; *Pumater* v. *Simpson,* 5 Wall., 81.
See also *Chess* v. *Chess,* 1 Penrose and Watts, cited in 21 Am.
Dec., 359–9; *Herbert* v. *Herbert,* 12 Am. Dec., 192. "A deed
not delivered and accepted, though recorded, is invalid and
passes no estate." *Barnes* v. *Hatch,* 14 Am. Dec., 369.

The recordation being after due acknowledgment, accord-
ing to statute, it is *prima facie* evidence of the due execution of
the deed, but is *prima facie* only.   *Ward* v. *Fuller,* 15 Pick.,
185.

As a forged or "fraudulent deed passes nothing, and is
incapable of confirmation," there is no *seisin* in the grantee.

*John H. Lewis,* for the defendant in error.

1.  The certificate of a notary of the appellee's acknowledg-
ment of the deed, and its subsequent recordation, constitute a
judicial finding of the fact which cannot, in a court of law, be
encountered by parol testimony.   *Green* v. *Godfrey,* 44 Me.,
25; *Heeter* v. *Glasgow,* 79 Pa. St., 79; *Lickman* v. *Harding,* 65
Ill., 505; *Kerr* v. *Russell,* 79 Ill., 666; *Hawkins* v. *Forsyth,* 11
L., 294, and cases cited; *Carper* v. *McDowell,* 5 Gratt., 212;
*Taliaferro* v. *Pryor,* 12 Gratt., 277; *Vaughan* v. *Commonwealth,*
17 Gratt., 386; *Quinn* v. *Commonwealth,* 20 Gratt., 138.

2.  A trustee in a deed to secure creditors is a *bona fide* pur-
chaser for value without notice of any defect or infirmity of

title.  *Wickham* v. *Martin,* 13 Gratt., 427; *Davis* v. *Miller,* 14 *Id.,* 16; *Davis* v. *Beasley,* 75 Va., 491.

3.  A purchaser, with notice from a *bona fide* purchaser for value and without notice, takes good title.  1 P. & H., 5.

4.  When property has been sold under a deed of trust, the conveyance from the trustee passes the legal title.  *Taylor* v. *King,* 6 M., 358; *Harris* v. *Harris,* 6 M., 367; *Norman* v. *Hill,* 2 P. & H., 676, 680–1 (though in equity open to attack.  *Gibson* v. *Jones,* 5 Leigh, 370.)

LEWIS, P., delivered the opinion of the court.

The plaintiff, defendant in error here, claimed title under a deed from John H. Lewis, trustee, dated December 15, 1886. The plaintiff purchased the premises in controversy at a public sale thereof made by the said Lewis, trustee, under a certain deed of trust dated November 18, 1881.  The last-mentioned deed, which was introduced as evidence at the trial by the plaintiff, has annexed to it two certificates, signed by A. G. Waugh, notary public, and in the form prescribed by the statute, certifying that on the said 18th day of November, 1881, the deed was acknowledged before him by Murrell (the defendant) and wife, "whose names are signed" thereto.  And on the same day, the deed having been presented in the clerk's office of the corporation court of Lynchburg, in which city the premises in controversy are situate, was admitted to record "upon the annexed certificates of acknowledgment," as appears from the endorsement of the clerk on the deed.

The defendant pleaded the general issue, "not guilty," and at the trial offered to testify, as a witness in his own behalf, that at the sale of the premises by the trustee, he, the defendant, was present and forbade the sale, on the ground that the deed of trust was a forgery; that it was never heard of by him before steps were taken to sell the property; that he never executed the deed, nor authorized its execution, and that of

all this the plaintiff was informed on the day of sale, and
before the sale took place. The circuit court, however,
excluded the evidence, and the defendant excepted; and the
question thus presented is the question to be determined.

It is conceded that the holder of the note secured by the
deed of trust, and for whose benefit the sale was made, had no
notice prior to the sale that the validity of the deed was ques-
tioned; nor was any attempt made to prove *mala fides* either
on the part of the *cestui que trust* or the trustee. The simple
question, then, is whether upon the grounds just mentioned,
parol evidence was admissible to contradict the deed of trust,
which is regular on its face, and which purports to have been
duly acknowledged and admitted to record. We are clearly
of opinion that it was not. The act of an officer in taking an
acknowledgment of a deed is judicial in its character, and can-
not be impeached collaterally. He determines whether the
person whose name is signed to the deed is the actual grantor,
and also whether he truly acknowledges the same as his act
and deed; and after these points have been determined and
certified by him, in conformity with law, and the deed has
been duly recorded, the proceeding has all the force and con-
clusiveness of a judgment of a court of record. The mischiev-
ous consequences of a different doctrine can hardly be over-
stated, inasmuch as it would render titles to real estate utterly
insecure, and liable at any moment, and at any distance of
time afterwards, to be questioned and overthrown by parol
evidence in a collateral proceeding.

The question is not an open one in this court. In *Carper* v.
*M'Dowell,* 5 Gratt., 212, it was said by Judge Baldwin, in
delivering the opinion of the court, that "it may be laid down,
without qualification, that the registration of a deed, regular
upon its face, cannot be contradicted by evidence in any col-
lateral controversy. Thus, in an action of ejectment for the
recovery of land, if the title turns upon the due registration of
a deed, the registry itself is the only legitimate evidence upon

the question, and parol evidence is inadmissible to prove that it was not duly proved or acknowledged and admitted to record, even though the registration was fraudulently procured." And in the same case it was said that not only is a proceeding to register a deed, which is regular on its face, not impeachable collaterally by any evidence whatever, but that it cannot be impeached even directly, except in a court of equity, and not even there except upon the ground of fraud or upon some other ground which reaches the conscience of the party.

The same principle was asserted in *Harkins* v. *Forsythe*, 11 Leigh, 294, in which case it was decided that a certificate of two justices of the peace of the privy examination of a married woman could not be contradicted by parol evidence, there being no allegation of fraud. The privy examination of a married woman, it was said, is in Virginia a substitute for the ancient common law proceeding by fine in a court of record, which derived its name from putting *an end* not only to the suit, but to all controversies concerning the same subject matter, and could be relieved against only for fraud in the court of chancery. See also *Hitz* v. *Jenks*, 123 U. S., 297; *Davis* v. *Beazley*, 75 Va., 491; *First Nat'l Bank* v. *Paul, Id.*, 594.

In the light of these principles, it is very clear that the judgment complained of must be affirmed.

JUDGMENT AFFIRMED.