Merrimack, }
June, 1896. }

## Robertson *v.* Hale.

A justice of the peace acts within the limits of his jurisdiction in causing the arrest of a witness who has neglected to appear before him conformably to a summons and order of adjournment, and is not liable therefor in an action for damages.

Whether such witness was duly summoned, or the adjournment properly made, are questions affecting the regularity of the proceeding, and will not be inquired into collaterally.

Trespass, for false imprisonment. Facts found by the court. The plaintiff was duly summoned, January 9, 1896, to appear before the defendant, a justice of the peace, at his office, on January 10, 1896, at 3 o'clock A. M., to give his deposition concerning an issue between the plaintiff and the trustee in an action then pending, and was paid the legal fees for such attendance. He did not appear. The subpœna was subsequently changed so as to read "three o'clock in the afternoon" instead of "three o'clock in the forenoon," and was again served upon the plaintiff in the forenoon of January 10, but no further fees were paid,

tendered, or demanded. The plaintiff appeared in accordance with the requirement of the subpœna as changed, and gave his deposition. The deposition was taken in shorthand. When it was finished the plaintiff declined to sign it and make oath to it before it was written out in longhand, and it was arranged that he should come in the next day at 6 o'clock P. M. and complete the deposition. The defendant adjourned the caption accordingly, although the plaintiff was not aware of the fact. No fees were paid, tendered, or demanded for attendance at the adjournment. The deposition was ready for signature at the time appointed. The plaintiff did not attend. On January 13, the defendant notified the plaintiff by postal card that the deposition had been written in longhand, and requested him to come in and complete it. On the next day, January 14, he met the plaintiff on the street and made a like request. The plaintiff called at the defendant's office about half past seven o'clock in the morning of January 15 to comply with the request, but the office was closed. In the afternoon of the same day the defendant issued an attachment, and had the plaintiff arrested and brought before him for contempt in neglecting to appear and complete the deposition at the time to which the caption was adjourned. The plaintiff's failure to appear earlier was due to his giving attention to other duties. He had no intention of disregarding his obligation to complete the deposition, whether the obligation arose from his agreement or from the law. No formal hearing was had on the question of contempt. The plaintiff, in response to inquiries by the defendant, stated that he had called in the morning and did not call at the time appointed or at any other time because he had been busy. The defendant told him he must pay the costs of the attachment. He objected, but finally paid the same to procure his discharge from arrest. He signed and made oath to the deposition without objection.

*Joseph S. Matthews*, for the plaintiff.

*Albin, Martin & Howe*, for the defendant.

WALLACE, J. It is a general rule that courts and judges are not liable in civil actions for their judicial acts within the scope of their jurisdiction, and this protection extends to magistrates exercising an inferior and limited jurisdiction, as justices of the peace. For the purpose of securing a fearless and impartial administration of justice, the law exempts all judicial officers, from the highest to the lowest, from civil liability in the performance of their judicial duties within their jurisdiction; and to guard against an oppressive abuse of legal authority, makes them liable to impeachment or indictment for official mis-

conduct. *Evans* v. *Foster*, 1 N. H. 374, 377; *Burnham* v. *Stevens*, 33 N. H. 247; *State* v. *Towle*, 42 N. H. 540; *Jordan* v. *Hanson*, 49 N. H. 199; *Waldron* v. *Berry*, 51 N. H. 136; *State* v. *Ingerson*, 62 N. H. 437; *Boody* v. *Watson*, 64 N. H. 162, 165. In cases upon this subject, courts do not undertake to revise the doings of the tribunal whose acts are brought in question collaterally, but only to examine them so far as to ascertain whether the tribunal was acting within its jurisdiction. They proceed upon the ground that if the tribunal had jurisdiction, its judgment is conclusive and cannot be examined or reversed collaterally, but must stand until reversed by some proceeding instituted for that purpose. *Boody* v. *Watson, supra.*

Therefore this suit for false imprisonment cannot be maintained against the justice for his judicial acts in taking this deposition and in the contempt proceedings against the plaintiff, if the magistrate had jurisdiction to perform the acts he did. The statute (P. S., c. 224, ss. 3–7) which gives a justice of the peace power to issue writs of summons to witnesses to appear before him to give their depositions, and, upon their neglect or refusal to answer such summons, to bring them before him for punishment, in express terms conferred upon the justice jurisdiction of the subject-matter in this case; and the justice, having the plaintiff properly before him for contempt, had jurisdiction of the person as well as the subject-matter. Whether the plaintiff was properly summoned, or not, or the adjournment was properly made, are mere irregularities which cannot be inquired into collaterally and therefore will not be examined into in this case, as it appears the justice was acting within the limit of his jurisdiction. *Burnham* v. *Stevens, supra.* He is not, therefore, liable in a civil action; and whatever we may think of the wisdom of his act in granting the writ of attachment for contempt, we cannot in these collateral proceedings re-examine the merits of the question he adjudicated.

*Judgment for the defendant.*

CHASE, J., did not sit: the others concurred.