# Staunton

## CUNNINGHAM AND OTHERS V. JOHNSON

### September 7, 1914.

1. PARTITION—*Sale for Partition—When Not to Be Ordered—Case in Judgment.*—A court has no authority to decree a sale of land for partition unless and until it is made to appear by an inquiry before a commissioner in chancery, or in some other way, that partition in kind cannot be made in one of the modes prescribed by chapter 114 of the Code. In the case in judgment, there was no evidence before the court upon which to base a decree of sale, and the probative value of the report of the commissioners is discredited by the fact that they never went over the land, and although they were on the lower end of the tract once, their report was based upon information derived from others, and not upon their own judgment formed from personal examination of the premises.

Appeal from a decree of the Circuit Court of Russell county. Decree for the complainant. Defendants appeal.

*Reversed.*

The opinion states the case.

*W. W. Bird,* for the appellants.

*Finney & Wilson,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This was a bill filed by the appellee, T. J. Johnson, under chapter 114 of the Code against the heirs at law of Thomas Cunningham, deceased, and others, for partition of land whereof the decedent died seized.

The plaintiff intermarried with Katherine, a daughter of Thomas Cunningham, who devised her one-eighth interest in the land to him for life, with remainder to their children in fee simple. Plaintiff also asserts title by purchase to the one-eighth share of a son of the decedent.

The allegations of the bill with respect to the land are extremely meager. It is described as situated in Moccasin magisterial district, Russell county, but neither the character, quantity nor boundary of the tract is given. The bill prays for a sale for partition upon the allegation that "the tract of land is very small and the number of parties among whom it is to be divided is large," and partition in kind among them is impracticable and would destroy the value of the land.

The appellant, Belle Cunningham, was admitted as a party defendant, and filed her petition claiming by purchase the share formerly owned by Drewry Cunningham, deceased, who was a son of Thomas. She avers that the land is susceptible of partition in kind, and moreover shows that she had in process of construction a dwelling house thereon, upon which she had expended $200. She prays that in the partition her share may be laid off so as to include her dwelling; and that if the land is not susceptible of partition in kind that she may be allowed the value of her improvements out of the proceeds of sale.

Thereupon the court decreed that R. A. Sutton, J. H. Gilmer, B. D. Mason and S. B. F. Counts be appointed commissioners to divide the land among the parties entitled, "if they shall ascertain and determine that a partition and division in kind is practicable, which question is also hereby referred to them, and which they shall first decide . . They will report their action to the next term of this court."

The report under this decree was as follows: "We the undersigned commissioners appointed for the purpose herein mentioned and after being sworn for that purpose, beg to say that in our judgment the foregoing tract or parcel of land cannot be partitioned in kind. Given under our hand this Feb. 19, 1912.

"E. D. Mason,
"W. B. Sutton,
"J. H. Gilmer."

It will be observed that only two of the commissiners appointed by the decree, namely E. D. Mason and J. H. Gilmer, signed the report. The other two commissioners, R. A. Sutton and S. B. F. Counts, did not act; and E. D. Mason and J. H. Gilmer, the only two commissioners who did act, made affidavits that they had never been over the land; that they were on the lower end of the tract once, and signed the report upon information derived from others and not upon their own judgment formed from personal examination of the premises.

The report of the commissioners was excepted to for insufficiency on the several grounds made apparent by the foregoing recital; nevertheless, the court made what is styled a *nunc pro tunc* order "correcting the decree as entered upon the order book of this court, omitting the name of Wm. B. Sutton, one of the five commissioners appointed by the former decree, and stating that his name was included in the original decree and was omitted by the clerk in entering the same in the order book. The decree also overruled the exceptions to the commissioners' report, and reciting that it appeared from the report that the land could not be partitioned in kind, decreed a sale for that purpose.

The law is well settled that a court has no authority to decree a sale of land for partition unless and until it is made to appear by an inquiry before a commissioner

in chancery, or in some other way, that partition in kind cannot be made in one of the modes prescribed by chapter 114.

In this case there was no evidence before the court upon which to base the decree of sale, and the probative value of the report of the commissioners was discredited by the circumstances under which it was made.

For these reasons the decree appealed from must be reversed and the case remanded for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*