# Staunton.

## T. D. BERRY v. SILAS SMITH.

September 22, 1927.

Absent, Burks, J.

1. FALSE IMPRISONMENT—*Liability of Justice of the Peace—Case at Bar.*— The instant case was an action for false imprisonment against a justice of the peace who issued a warrant against plaintiff. The notice of motion charged that the warrant which purported to be on oath was not in fact on oath; that there was an understanding that defendant was to collect a claim against plaintiff by means of a criminal warrant, and that defendant issued the criminal warrant because he would get more fees under a criminal warrant than under a civil warrant. Defendant demurred on the ground that he was acting throughout the matter as a duly constituted justice of the peace and in the discharge of his duties as such with jurisdiction over the subject matter and the person of the plaintiff, so that no civil liability in favor of the plaintiff would or could attach to his actions.

   *Held:* That the demurrer should have been sustained.

2. ACTIONS—*Judges—Justices of Peace—Civil Liability.*—Judicial officers, acting within their jurisdiction, are exempt from liability in civil actions for their official acts, although such acts are alleged to have been done maliciously and corruptly, and this extends to magistrates exercising an inferior and limited jurisdiction, as justices of the peace.

3. FALSE IMPRISONMENT—*Action Against Justice of the Peace—Jurisdiction of the Justice—Oath Upon which Warrant Issued—Contradicting Facts Recited in Warrant—Case at Bar.*—In the instant case while it was conceded that a justice of the peace acting fully within his jurisdiction—that is, when he has jurisdiction of the subject matter and has acquired jurisdiction of the person—is not civilly liable for acts done in the case, yet it was contended in an action for false imprisonment, that no oath or complaint having been made to defendant when he issued the warrant for plaintiff's arrest, he was not exempt. But the warrant, on its face, showed that it was issued upon oath and this statement of a jurisdictional fact, appearing in the warrant, could not be denied upon collateral attack.

4. JUSTICES OF THE PEACE—*Jurisdiction—Facts Essential to Jurisdiction Shown by the Record—Collateral Attack.*—Where facts essential to

give jurisdiction to an inferior or special tribunal of limited authority
are shown by its record, the same presumption prevails in favor of
its jurisdiction as prevails in favor of the jurisdiction of superior
courts of general jurisdiction, and the statement of jurisdictional
facts cannot be denied upon collateral attack.

Error to a judgment of the Circuit Court of Bedford
county, in a proceeding by motion for a judgment for
damages. Judgment for plaintiff. Defendant assigns
error.

*Reversed.*

The opinion states the case.

*Caskie & Frost,* for the plaintiff in error.

*A. J. Cauthorn* and *Landon Lowry,* for the defendant
in error.

CHICHESTER, J., delivered the opinion of the court.

This is an action for "false imprisonment" instituted
in the Circuit Court of Bedford county by Silas Smith
against T. D. Berry, G. B. Spradlin and R. W. Updike,
in which the jury found a verdict of $857.29 against
Berry, and found for Spradlin and Updike. Upon this
verdict the trial court entered judgment. This judg-
ment is before us for review upon a writ of error duly
granted the defendant, Berry.

The facts out of which the action arose, as far as it
is necessary to state them here, are that T. D. Berry,
who was a justice of the peace of Bedford county, issued
a criminal warrant against Smith, charging him with
getting goods from Spradlin and Updike, merchants,
under false pretenses, and with stealing a drugget from
them. It turned out at the trial that Smith was
guilty of no criminal offense, and that, at most, he had

contracted to pay or owed Spradlin and Updike a debt of $4.10, and he was acquitted. The action for false imprisonment followed, and resulted as above indicated.

After setting out the facts above narrated, but in considerably greater detail and alleging the arrest of Smith, the "notice of motion" makes four specific charges against Berry as the basis of the plaintiff's right to recover.

First: That the warrant purported to be on oath, but was not in fact sworn to.

Second: That there was an understanding between Berry and the merchants that he was to make the collection of the claim by means of a criminal warrant.

Third: That Berry issued the criminal warrant because he would get more fees under a criminal warrant than under a civil warrant and in order to compel Smith by duress to pay the sum of $4.10 and that Berry knew that there was no criminal liability and that his actions were thus fraudulent.

There was a demurrer to the notice of motion which the trial court overruled.

The second ground of demurrer was: "That the defendant was acting throughout the matters set up as a duly constituted justice of the peace in Bedford county, Virginia, and in the discharge of his duties as such with jurisdiction over the subject matter and the person of the plaintiff, so that no civil liability in favor of the said Smith would or could attach to his actions."

[1] The demurrer should have been sustained upon this ground and the action dismissed.

[2] It is a well established principle of the law that judicial officers, acting within their jurisdiction, are exempt from liability in civil actions for their official acts, although such acts are alleged to have been done maliciously and corruptly. *Johnston* v. *Moorman*, 80 Va. 131.

The reason for this rule, long ago recognized in Virginia, is aptly stated in *Robertson* v. *Hale*, 68 N. H. 538, 44 Atl. 695, as follows: "It is a general rule that courts and judges are not liable in civil actions for their judicial acts within the scope of their jurisdiction, and this protection extends to magistrates exercising an inferior and limited jurisdiction, as justices of the peace. For the purpose of securing a fearless and impartial administration of justice, and to guard against an oppressive abuse of legal authority, the law exempts all judicial officers, from the highest to the lowest, from civil liability in the performance of their judicial duties within their jurisdiction, but makes them liable to impeachment or indictment for official misconduct or corruption."

In 13 A. L. R., at page 1345, the annotator states this rule as follows: "It is uniformly held that where the officer has jurisdiction of the person and of the subject matter, he is exempt from civil liability for false imprisonment so long as he acts within his jurisdiction and in a judicial capacity."

He cites decisions in support of the rule from thirty-six States, the United States Supreme Court, Canada and England.

From an Oklahoma case (*Comstock* v. *Eagleton*, 11 Okl. 487, 69 Pac. 955) the following is quoted: "Every judge should feel perfectly free to follow the dictates of his own judgment; and the one thing essential to that independence is that they shall not be exposed to a private action for damages for anything that they may do in their official capacity. No judge would feel free if he knew that upon the rendition of a judgment or order he might be subjected to a suit by the defeated party * * *."

An Illinois case (*Feld* v. *Loftis*, 240 Ill. 105, 88 N. E.

281) is also quoted from as follows: "Imprisonment under legal process of a court having jurisdiction of the subject matter cannot be made the basis of an action for false imprisonment. When a justice of the peace is applied to for a writ, where he has authority to act officially and decide upon the sufficiency of the affidavit, if he errs in his judgment as to its sufficiency and issues a writ which was not authorized in the particular case, the plaintiff is not responsible for the error. Process, under such circumstances, constitutes full justification, not only of the officer who serves the process, but of the magistrate who issues it, and of the party or complainant at whose suit it is issued."

The notice of motion shows on its face that Berry was a judicial officer, a justice of the peace, and it follows that, as such, he had jurisdiction of the subject matter, that is, to try persons charged with petit larceny. The warrant by virtue of which Smith was arrested charged petit larceny as shown by the notice and it alleged that it was issued on oath of Robert Updike.

The notice of motion, however, alleges that while the warrant recites that Robert Updike made oath thereto, as a matter of fact, Robert Updike did not make oath to it, and the contention is that because of this the justice lacked jurisdiction of the person of Smith.

[3] The rule is conceded that a justice of the peace acting fully within his jurisdiction,—that is, when he has jurisdiction of the subject matter and has acquired jurisdiction of the person in a particular case—is not liable civilly for acts done in the case, but it is said that no oath or complaint having been made to Berry in this case he is not exempt. See 16 R. C. L. (justice of the peace) page 342, section 18; *Shaw* v. *Moon*, 117 Or. 558, 245 Pac. 318, 45 A. L. R. 603.

This qualification of the rule, if it is conceded to apply in Virginia, in view of the decision in *Johnston* v. *Moorman, supra,* is well stated in *Shaw* v. *Moon, supra,* as follows: "Nevertheless it must be conceded that it is also plain that in many cases a transgression of the boundaries of his jurisdiction by a judge will impose upon him a liability to an action in favor of the person who has been injured by such excess. If a magistrate should, of his own motion, without oath or complaint being made to him, on mere hearsay, issue a warrant and cause an arrest for an alleged larceny, it cannot be doubted that the person so illegally imprisoned could seek redress by a suit against such officer. It would be no legal answer for the magistrate to assert that he had a general cognizance over criminal offenses; for the conclusive reply would be that this particular case was not, by any form of proceeding, put under his authority."

[4] But at least this modification of the rule can have no application to the instant case for the reason that the warrant, on its face, shows that it *was* issued upon oath and this statement of a jurisdictional fact, appearing in the warrant, cannot be denied upon collateral attack. *Ex parte Marx,* 86 Va. 40, 9 S. E. 475; *Shank* v. *Ravenswood,* 43 W. Va. 242, 27 S. E. 223; *Cecil* v. *Clark,* 44 W. Va. 659, 30 S. E. 216. It is well settled that, where facts essential to give jurisdiction to an inferior or special tribunal of limited authority are shown by its record, the same presumption prevails in favor of its jurisdiction as prevails in favor of the jurisdiction of superior courts of general jurisdiction, and the statement of jurisdictional facts cannot be denied upon collateral attack. 12 Am. & Eng. Enc. Law, page 274; *Morrow* v. *Weed,* 4 Iowa 77, 6 Am. Dec. 122; 1 Black on Judgments, section 287; *Shank*

v. *Ravenswood*, 43 W. Va. 243, 27 S. E. 223; *Murrell* v. *Diggs*, 84 Va. 900, 6 S. E. 461, 10 Am. St. Rep. 893; *McCauley* v. *Grim*, 115 Va. 610, 79 S. E. 1041, 22 C. J. 1079, and cases cited.

It is clear that if the plaintiff would not be permitted to attack the allegation of the jurisdiction of the person, as stated in the warrant, on the trial of the case, the notice shows jurisdiction of the person as well as of the subject matter. This being so, it follows that, as a judicial officer cannot be held civilly liable for his acts done in a case where he has jurisdiction of the person and the subject matter, the plaintiff in this notice has not stated a case against the defendant which would entitle him to recover, and the demurrer should have been sustained on the second ground above stated.

For these reasons the judgment of the trial court will be reversed and an order entered by this court dismissing the plaintiff's action.

*Reversed.*