Murray, J.:
This case comes before us on a motion of defendant that the petition to take depositions be allowed nunc pro tune and that the costs of taking said depositions in the sums claimed by the Commissioner be taxed. The first part of the motion is only a preliminary to the second part. The motion, after a hearing, was denied by the trial judge. The necessary position of the defendant now is that the judge not only could, but must allow his motion.
The commission to take the depositions was not lawfully issued. See Gen. Laws, Chap. 233, § 42.
The plaintiff had notice of the filing of the petition for a commission. He had notice that the commission had in fact issued, he was notified of the taking of the depositions, and by counsel participated in their taking. He did not have notice of any presentation to the court of a motion to allow a commission upon oral interrogatories. The depositions do not appear to have been offered at the trial of the action. This motion was addressed to the discretion of the court and no exception lies to the exercise of such discretion, if not abused. Burt v. Allen, 103 Mass. 41. The filing of written interrogatories is not an empty form. If they relate to matters which the adverse party cannot dispute, he can obviate their necessity by filing an admission, and save himself both the expense of travel for attendance, of counsel for his guidance, and of costs if he loses at the trial. If the interrogatories are too extensive, or are di *121 rected to matters legally immaterial, he has the right to urge upon the court that a commission should not issue until they are reformed. It is well known that an oral deposition is usually more protracted and therefore more costly than one taken on specific interrogatories. And he has the right to file cross-interrogatories. All these possible advantages were taken from him by the course which the defendant saw fit to pursue, and their loss justified the denial of the defendant’s motion.
Participation in the talcing of the depositions is not a waiver of the right now to say that, even if the depositions could be used as evidence, the plaintiff ought not to be made to pay the costs of the defendant’s irregular adventure. A commission had in fact issued, though wrongly. The error could be corrected later even if correction was not compulsory. The plaintiff did not have to take that risk, or else lose the opportunity to benefit by the proceeding. He is no more foreclosed than a party faced by an adverse ruling in trial, is, by conforming to it, precluded later from urging error, either on a motion for new trial or in review..
Report dismissed.