Grafton,
July 2, 1947. } No. 3668.

WILLIAM S. MOORE *v.* NORRIS COTTON.

*Joseph Moore,* for the plaintiff.

*Robert W. Upton* and *Richard F. Upton,* for the defendant.

JOHNSTON, J. The defects in the complaint upon which the defendant issued a warrant were held to be the allegation of a violation of traffic regulations established under a repealed statute instead of one

of such regulations made under a later statute, and the insufficient statement that he "did not come to a full stop" instead of one that he failed to bring the motor vehicle operated by him to a full stop. Although the court characterized the requirements violated as technical, it ordered an arrest of judgment. *State* v. *Moore, supra.* The record does not disclose whether the plaintiff was again tried on the charge of failing to bring the motor vehicle operated by him to a full stop when approaching a certain highway in the town of Lebanon that had been posted by the Highway Commissioner in accordance with the provisions of chapter 42 of the Laws of 1941, and if so, the result of such trial.

It is not disputed that the offense of a violation of posted rules and regulations is within the jurisdiction of a municipal court. R. L., *c.* 377, *s.* 15; R. L., *c.* 107, *s.* 10. Nor is it contested that the offense, if any, was committed within the confines of the town of Lebanon. The jurisdiction of the defendant as justice of the municipal court of Lebanon over the offense sought to be charged is beyond question.

However, the plaintiff alleges that the defendant because of the above stated irregularities "wilfully, wantonly, with gross negligence, and without due care" did act. Without giving exact definition of the words and phrases used, it is sufficient to state that each indicates less fault than the phrase, acting with malice. In the opinion of *Sweeney* v. *Young,* 82 N. H. 159, 160, which was an action against the members of a school board for maliciously expelling a pupil, the court said: "Regarding the liability of the members of the board who took part and acted, the principle that 'All judicial officers when acting on subjects within their jurisdiction, are exempted from civil prosecution for their acts' (*Evans* v. *Foster,* 1 N. H. 374, 377) has been generally extended in this state to apply to the acts and conduct of all public officers in their exercise of judicial authority." The rule that courts and judges including justices of the peace are not liable in civil actions for their judicial acts within the scope of their jurisdiction is found in the following New Hampshire cases: *Sargent* v. *Little,* 72 N. H. 555; *Hanlon* v. *Partridge,* 69 N. H. 88; *Robertson* v. *Hale,* 68 N. H. 538; *Jordan* v. *Hanson,* 49 N. H. 199.

The plaintiff attempts to substantiate his claim by the provisions of Article 15 of the Bill of Rights that "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him." The present proceeding is not one of criminal prosecution of the plaintiff, but is aimed at civil liability of the defendant, who was a municipal court

justice that acted on a subject within his jurisdiction. There is no such liability.

*Judgment for the defendant.*

DUNCAN, J., took no part in the decision: the others concurred.