## CIRCUIT COURT OF WARREN COUNTY

Jane P. Moore

    v.

Town of Front Royal et al.

May 26, 1982

Case No. (Law) 5160

By JUDGE HENRY H. WHITING

The facts disclosed by the pleadings indicate that the Magistrate issued a warrant which incorrectly described the person to be arrested, as a result of which plaintiff, who had no connection with the crime out of which the arrest arose, was arrested, taken to the police station and required to post bond. She asserts a civil liability by reason thereof against the Magistrate who erroneously described her, the police officer who arrested her in conformance with the mandate of the warrant and his employer, the Town of Front Royal. All three have demurred. The Court will pass on each demurrer in order.

### I. *Magistrate's Immunity*

The Magistrate asserts a judicial immunity from liability for the mistake. The pleadings do not indicate that the Magistrate had no jurisdiction to issue the warrant, indeed, it impliedly recognizes jurisdiction but asserts liability because of the negligence of the Magistrate in failing to correctly describe the party who was arrested. In one of the latest and more comprehensive assaults on the doctrine of judicial immunity, the Supreme Court held in no uncertain terms that a general jurisdiction Judge is "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump* v. *Spartan*, 435 U.S. 349, 359, 55 L. Ed. 2d 331,

341 (1978).[1] Judge Winter, in a Fourth Circuit decision involving mistreatment of prisoners in which a Magistrate was sued, sustained a District Court, recognizing the Magistrate's immunity from suit for money damages but held that a Magistrate could still be subject to the equitable jurisdiction of a Federal District Court. *Timmerman* v. *Brown*, 528 F.2d 811 (4th Cir. 1975). Virginia has recognized the doctrine of judicial immunity and applied it to a justice of the peace even though his act was alleged to have been fraudulent and corrupt in *Berry* v. *Smith*, 148 Va. 424 (1927), premising its holding on the proposition that:

> It is a well established principle of the law that judicial officers, acting within their jurisdiction, are exempt from liability in civil actions for their official acts, although such acts are alleged to have been done maliciously and corruptly. Johnston v. Moorman, 80 Va. 131. 148 Va. at 426.

The Supreme Court of Virginia reiterated the rule in applying the doctrine of immunity to a Circuit Judge sued by a police officer alleging a conspiracy on the part of the Judge (who had the power to appoint the plaintiff) with other officials to compel him to resign from the police force, citing again the familiar rule quoted from *Berry* v. *Smith* and *Johnston* v. *Moorman, supra.*

If judicial officers acting within their jurisdiction cannot be held liable for malicious or corrupt acts, certain it is they could not be held liable for negligence, and that is the most this Court can infer from the allegations in this case. Therefore, the demurrer is sustained as to the Magistrate.

---

[1] This is the case in which a Judge ex parte, without (a) notice, (b) a guardian ad litem or (c) any apparent effort to comply with due process requirements, approved the sterilisation of an infant at the parents' request but was held judicially immune even though he may have violated the clear mandate of a previous Indiana case prohibiting such an act, the touchstone being that he did have jurisdiction to act and even though he should have denied the petition on its merits he did have jurisdiction. 435 U.S. at 359, 55 L. Ed. 2d 340.

## II. *Town of Front Royal*

The Court cannot pass on the liability of the Town of Front Royal; there is no judicial immunity alleged but a bald unsupported statement that when the police officers made the arrest they were acting on Commonwealth business and not on Town business. Perhaps that is so, but the Court believes the Town attorney ought to cite some statute or case law in support of the proposition. Absent that, the demurrer will be overruled as to the Town.

## III. *Demurrer of Ray Santmyers*

Ray Santmyers, one of the two police officers sued, has demurred on the ground that there was no allegation he participated in the arrest or detention or committed any other act constituting a cause of action at law. The demurrer overlooks the general allegation in Paragraphs 26 and 27 which, as conclusions, are sufficient to withstand assault by demurrer. Perhaps if more particularity was required as to Mr. Santmyers' liability in the pleadings, it may appear that no cause of action has been stated, but at this point the Court must overrule the demurrer.

## IV. *R. W. Hannah*

The Court finds no demurrer filed as to Mr. Hannah but an answer and must assume that counsel plan to try the case as to him and suggest a praecipe for a pre-trial conference as to him.

Counsel for the Magistrate will draw an appropriate Order sustaining the demurrer as to her and reflecting the plaintiff's proper objections; counsel for the Town and Mr. Santmyers will take some action within twenty-one days hereof, otherwise plaintiff may draw an Order overruling their demurrers and noting their exceptions.