## Case No. 15,754.

### UNITED STATES v. MAYO.

[1 Curt. 433; 1 2 Liv. Law Mag. 326.]

Circuit Court, D. Massachusetts.   Oct. Term, 1853.

CRIMINAL PRACTICE—PLEA BY ATTORNEY.

Under what circumstances a person indicted for a misdemeanor, may plead by attorney.

[Cited in People v. Genet, 59 N. Y. 82; People v. Redinger, 55 Cal. 294; State v. Conners, 20 W. Va. 5; State v. Garland, 67 Me. 426.]

Mr. Dodge moved to be allowed to plead to the indictment, which was for beating a seaman, in the absence of the defendant [Amariah Mayo]. He produced a special power of attorney from the defendant to himself, authorizing him to plead and defend at the trial, in the absence of the defendant; and also an affidavit, showing that the defendant was master of a vessel, bound on a voyage and ready for sea, when he was arrested; and that if he were to remain till the trial, he would lose his voyage, and be subjected to much other inconvenience. The district attorney consented to the motion, stating that it was a case of no aggravated character.

CURTIS, Circuit Justice. I have considered this motion with some care, as affecting the practice of the court; and I have also conferred with the district judge, who has had occasion, heretofore, to pass on similar questions. I will state the results at which we have arrived.

1. To save his recognizance, even in case of a misdemeanor, the defendant must appear personally.

2. He is liable to be called on his recognizance at any time, either on the motion of the district attorney, or by the order of the court, on its own motion, if it sees cause to direct it.

3. It is in the discretion of the court, to allow one indicted for a misdemeanor to plead and defend, in his absence, by attorney. This discretion will be regulated by the following circumstances.

1. That it is not an offence for which imprisonment must be inflicted.

2. The court must be satisfied, that the nature of the case, and its circumstances, are such that imprisonment will not be inflicted.

3. The district attorney must consent, or it must appear to the court that he unreasonably and improperly withholds his consent.

4. Sufficient cause must be shown, on affidavit, to account for the absence of the defendant.

5. A special power of attorney, to appear and plead and defend in his absence, must be executed by the defendant, and filed in court by the attorney.

I have considered this case; and being of opinion that its facts bring it within these requirements, the attorney may be admitted to plead and defend.