## STATE OF MINNESOTA *vs.* WILLIAM RECKARDS.

### Sept. 8, 1874.

**Complaint for Keeping a Disorderly Place.**—The warrant in this case, (which was a criminal prosecution before a justice of the peace of the city of Minneapolis,) charged that the defendant, "on the 2d day of June, 1873, within the corporate limits of said city of Minneapolis,  *  *  wilfully and unlawfully did keep  *  *  a disorderly place, in that he did allow, suffer and permit, in said place, quarrelling, brawls, loud and boisterous talk, fighting, and disorderly conduct, in violation of the charter and ordinances in such case made and provided." *Held,* that the warrant was not bad for charging the keeping of the place complained of for a single day.

**Reference to City Ordinance in Warrant.**—*Rochester* v. *Upman*, 19 Minn. 108, followed as to the sufficiency of the reference to the city ordinance in the warrant.

**Right of Accused to be Present at Trial—Waiver.**—Section 145, ch. 65, Gen. Stat. provides that, "After the jury are sworn, they shall sit together and hear the evidence and allegations in the action, which shall be delivered  *  *  in the presence of the accused." *Held,* that this right of presence is that of the accused, and may be waived by him, at least when the counsel of the accused is present for him.

**Taxation of Costs.**—The clerk of the common pleas has no authority to revise the taxation of costs by a justice of the peace by any re-taxation thereof. Any alleged error in such taxation should be brought to the notice of the court for correction, upon the hearing of the appeal from the justice's judgment.

The defendant, having been convicted, before a justice of the peace, of the offence of keeping a disorderly place, appealed, upon questions of law, to the court of common pleas for Hennepin county, *A. H. Young,* J., presiding, where the conviction was affirmed, and he appealed to this court from the judgment of the court of common pleas. In taxing the costs in the latter court, the clerk allowed the costs in the justice's court, as returned by the justice, and upon appeal to the court, the taxation of the clerk was affirmed.

*C. H. Benton,* for appellant. The offence charged is that of keeping a disorderly place on June 2, 1873, and no single act of disorder can constitute the continuing offence which is necessary to make the place in question a "disorderly place," within the meaning of the ordinance. 2 Am.

Cr. Law, § 2383 ; *Com.* v. *Lambert,* 12 Allen, 177 ; *Com.* v. *Bean,* 11 Cush. 414 ; *Com.* v. *Bean,* 14 Gray, 52 ; *Com.* v. *Slack,* 19 Pick. 304.

The complaint is insufficient, because it does not plead or in any manner refer to the particular ordinance, which constitutes the act complained of a public offence. The ordinance must be pleaded. *State* v. *Sorogan,* 40 Vt. 450 ; *Hooker* v. *The Mayor,* 17 Wend. 199 ; *People* v. *The Mayor,* 7 How. Pr. 81 ; *Cox* v. *St. Louis,* 11 Mo. 431 ; *Mooney* v. *Kennett,* 19 Mo. 551 ; *Case* v. *The Mayor,* 30 Ala. 539 ; *Garvin* v. *Wells,* 8 Iowa, 286 ; *Goodrich* v. *Brown,* 30 Iowa, 294 ; *Booth* v. *Georgetown,* 2 Cranch, C. Ct. 356 ; *Fink* v. *Milwaukee,* 17 Wis. 26.

*A. N. Merrick,* for the State.

BERRY, J. This was a criminal prosecution before a justice of the peace of the city of Minneapolis. The warrant charges that the defendant, " William Reckards, on the 2d day of June, 1873, within the corporate limits of said city of Minneapolis,  *   *   *  wilfully and unlawfully did keep *   *  a disorderly place, in that he did allow, suffer, and permit, in said place, quarrelling, brawls, loud and boisterous talk, fighting, and disorderly conduct, in violation of the charter and ordinances in such case made and provided," etc. Defendant pleaded " not guilty." The case went to trial before a jury, which was discharged upon failure to agree. As to the errors committed (as defendant claims) upon this trial, we need only say that as it resulted in nothing, no judgment being rendered, there was nothing from which to appeal, and there is nothing to review.

1. On a second trial, at the close of the testimony in chief on the part of the prosecution, defendant moved for a dismissal, on the grounds that the warrant did not state a public offence : first, because the offence charged is the keeping of a disorderly place upon a single day, to wit, on the second day of June, 1873 ; second, because the ordinance claimed to have been violated, is not pleaded, or particularly specified.

As to the first ground, it may be doubted whether the permitting of acts of disorder for a single day, and no longer, would make the place of their occurrence a " disorderly place," (*i. e.* a place having the character of a disorderly place,) within the meaning of the ordinance. But if a place has acquired a character as disorderly, from the fact that acts of disorder have been commonly permitted therein for a considerable space of time, say for several days or weeks, the keeping of the same as a disorderly place for a single day is a violation of the ordinance. Under such circumstances, it would be sufficient to charge the keeping of the same as a disorderly place on a single day, and upon such charge, proof of the general disorderly character of the place would be admissible, the idea of such general disorderly character being involved in the designation of the place as a disorderly place.

The other ground upon which the dismissal was asked, is fully met by *City of Rochester* v. *Upman,* 19 Minn. 108, where it is said that " if the reference to the ordinance is less certain than good criminal pleading would require, defendant should have objected to it before interposing his general plea of not guilty, and before going to trial." It may be added that there is certainly no reason why any greater strictness should be required in cases of this kind, than in case of indictments for crimes of the highest grade. Yet, by § 11, ch. 111, Gen. Stat., it is in substance provided, as respects the form of an indictment, that objections analogous to those urged here must be taken by demurrer. The motion to dismiss was therefore properly denied.

2. It is claimed that the justice of the peace before whom the two trials were had, committed many errors in the admission and exclusion of evidence. We have carefully examined these assignments of error, and agree with the court below that there is nothing in them which would justify a reversal of the judgment: many of them do not in any proper way appear to have occurred upon the second trial. The stipulation attached to the return made here, even if it

4

be competent, was not before the court below, and we cannot consider it. In regard to the testimony received, going to show acts of disorder prior to June 2, it was not only admissible, as we have before seen, but it does not appear to have been objected to. The question addressed to Hunt by the prosecution does not appear to have been answered at all; so, as to E. A. Stevens, it does not appear that he gave any testimony after objection made.

As to the questions addressed to Hunt and Hoy by defendant, there is no ground for supposing that it was error to exclude them as not proper cross-examination.

3. Section 145, ch. 65, Gen. Stat., provides that "after the jury are sworn, they shall sit together and hear the evidence and allegations in the action, which shall be delivered * * * in the presence of the accused." This is in accordance with § 6, art. 1, of our constitution, which declares that "in all criminal prosecutions, the accused shall enjoy the right * * to be confronted with the witnesses against him." The right, however, is that of the accused, and, in case of prosecution for minor offences, such as are cognizable by a justice of the peace, may be waived, at least where the counsel of the accused is present for him, as was the case in this instance. See 1 Bishop's Cr. Proc., § 684, *et seq.* Section 3, ch. 114, Gen. Stat., provides that even an indictment for misdemeanor may be tried in the absence of the defendant, if he appear by counsel, his personal presence being required only upon his trial for felony.

4. The clerk of the common pleas has no authority to revise the taxation of costs by a justice of the peace, by any re-taxation thereof. It was properly held by the court below that any error in such taxation should be brought to the notice of the court for correction, upon the hearing of the appeal from the judgment.

Judgment affirmed.