State *vs.* Daniel W. Garland, appellant.

Penobscot.    Decided October 19, 1877.

*Trial.*

A person charged with a misdemeanor, either by complaint or indictment, can be tried in his absence only at his request and by leave of court.

On exceptions.

Search and seizure process.

The respondent was arrested upon a search and seizure process, and brought before the police court of Bangor. Upon arraignment, he pleaded not guilty, and, being adjudged guilty, appealed to this court, and recognized with sufficient sureties to prosecute his appeal at the February term thereof, A. D. 1877. The appeal was duly entered, and the respondent appeared in person ready for trial. Subsequently, the respondent being personally absent, but his attorney being present in court, the county attorney called the case for trial, and the respondent, by his attorney duly authorized, moved that the case proceed to trial in the respondent's absence, claiming that he was legally entitled to appear by attorney at the trial of said cause; the county attorney objecting, but not asking to have the bail defaulted, nor was the principal or bail defaulted.

Whereupon, the court overruled the motion, ruling that the respondent must appear in person, and was not entitled, as matter of right, to appear by attorney, and be tried in his absence; to which ruling the respondent excepted.

*S. F. Humphrey & F. H. Appleton*, for the defendant.

*J. Hutchings*, county attorney, for the state.

DANFORTH, J. The exceptions in this case have been prematurely presented to this court, as the result, even if they are overruled, does not make a final disposition of the case. But as the question raised has been fully argued, we proceed to consider it.

The question is whether a person accused, by complaint, of a misdemeanor, tried and convicted before a magistrate can, on appeal, appear by an attorney and as matter of right demand a trial in his absence. This right is certainly not given him by any statute, or the constitution of this state.

It would also seem to be in violation of the fundamental principles of the common law as applied to the prosecution of criminal cases.

In order to punish crimes, whether large or small, it is necessary that the court should not only have jurisdiction of the party charged, but control of his person. This must be conceded in a case where the punishment is, or may be, imprisonment; but

under our law it can hardly be less so where a fine only can be imposed. In such case no way is provided for the collection of the fine but by imprisonment; and hence in all cases it is a part of the sentence that the convict stand committed until the fine be paid. In the case at bar the statute expressly provides that, in default of payment of the fine, there shall be an imprisonment of thirty days, or instead of the fine the sentence may be three months imprisonment. R. S., c. 27, § 35.

Hence, by positive provisions of law, when a complaint is made or an indictment found, the court may at once issue its warrant for the apprehension of the accused, and when arrested and brought before the court, he can be released only by giving bail for his appearance at such time as the court shall order. Thus, by well established rules of law, the personal attendance of the the defendant may be compelled, with no provision by which he can avoid it. The result is, the purpose to be accomplished and the means provided to secure its accomplishment, are inconsistent with the right of absence claimed.

There may be, and often are, cases where it is both safe and convenient to proceed with the trial in the defendant's absence. Therefore, by a long course of practice and in some cases by statute authority, a discretionary power has been exercised in this respect. We think the authorities relied upon in the argument are susceptible of an explanation consistent with this view and will not sustain the right claimed, except perhaps in a few instances where they refer to prosecutions criminal in form, but partaking of the nature of a civil remedy. Some will be found upon examination to be cases where the defendant was urging objection to proceedings had in his own voluntary absence, others where the appearance by attorney was by the express or implied consent of the court.

In this state and in Massachusetts the courts will decline to hear the attorney of one who has escaped from its control. *Anonymous,* 31 Maine, 592. *Commonwealth* v. *Andrews,* 97 Mass. 543. It is true in these cases it does not appear whether the crime charged was a felony or otherwise, but no notice is taken of any such distinction and the rule laid down is sufficiently

broad to include both. In Comyn's Digest, Attorney B. 5, it is said that in the trial of a misdemeanor the accused may appear by attorney as a matter of favor.

Bacon in his Abridgment, vol. 1, Attorney B., says for any "crime under the degree of capital, the defendant may, by the favor of the court, appear by attorney." In *Rex* v. *Hann*, 3 Burrow, 1786, where the question was argued upon a motion addressed to the discretion of the court, asking that the respondents might be excused from appearing, the motion was refused, and "the general doctrine laid down by the court, and agreed by the counsel on both sides, was that though such a motion was subject to the discretion of the court, either to grant or refuse it, where it was clear and certain that the punishment would not be corporal; yet, it ought to be denied in every case where it was either probable or possible that the punishment would be corporal."

Such doctrine under such circumstances could not have been laid down, if there had been any law, statute or otherwise, inconsistent with it without some recognition of such law. This matter was carefully considered by Curtis, J., in *United States* v. *Mayo*, 1 Curt. 433, and the conclusion reached that "it is in the discretion of the court to allow one indicted for a misdemeanor to plead and defend, in his absence, by an attorney." In 1 Bennett and Heard's Leading Criminal Cases, 439, a large number of cases are cited to show that in prosecutions for misdemeanors, or crimes not punishable by imprisonment, the respondent may appear by attorney, the author adding that "it is undoubtedly discretionary with the court, whether they will allow a defendant to be absent during the trial of even a misdemeanor." Thus, by all the authorities, while it is held discretionary with the court to permit the trial to proceed in the defendant's absence, it is only a matter of discretion and will be permitted only for urgent reasons, especially when, as in this case, the punishment may be by imprisonment.

Nor does it change the case that the prosecution is before the court upon appeal. It is true that the defendant has pleaded in the court below, and is not called upon to plead anew. It is not

the plea that is wanted so much as the person himself, that in case of conviction his punishment may be sure. Besides there is much force in the suggestion of Justices Wilmot and Aston in *Rex* v. *Hann*, "that even where the punishment would most probably be only pecuniary, yet in offenses of a very gross and public nature the persons convicted should appear in person, for the sake of example and prevention of like offenses being committed by other persons; as the notoriety of their being called up to answer criminally for such offenses would very much conduce to deter others from venturing to commit the like."

But in this matter it is hardly necessary to look for authority beyond our own statute. R. S., c. 134, § 22, provides that persons indicted for an offense less than felony, "at their own request and by leave of court, may be tried in their absence by their attorney." This provision covers the whole ground involved in the question under consideration and is of course decisive of it, so far as relates to indictments. It is more liberal, perhaps, than the common law, as it allows the trial in the defendant's absence, even though the punishment may be by imprisonment. Still it allows it only as matter of discretion. It is however claimed that it refers to cases of indictment only and not to those begun by complaint. But we must consider it applicable to the latter as well as the former. It is in, and part of, the chapter entitled "proceedings in court in criminal cases." The subdivision under which it is found is entitled "Bail, arraignment and trial of prisoners." All the proceedings apply as well to appealed cases as indictments, and no other proceedings are prescribed in court for appeals so far as relates to the trials. This would seem to be sufficient authority for the guidance of the court, at least until something more binding is shown. Certainly we can admit the opposite doctrine only upon authority which could not be opposed; for, while it may be safe to trust the court with a discretion in this matter, it would be disastrous in the extreme, if not subversive of all force and effect of trials in cases of misdemeanor, to give the defendant a right to be tried in his absence.

*Exceptions overruled.*

Appleton, C. J., Dickerson, Virgin, Peters and Libbey, JJ., concurred.