## W. M. BARDSHER v. STATE.

No. A-5442.   Opinion Filed Oct. 7, 1929.
(249 Pac. 437.)

L. M. Gensman, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J.  The plaintiff in error was convicted and in accordance with the verdict of the jury sentenced to pay a fine of $50 and be confined for 30 days in the county jail on an information charging that in Comanche county, August 4, 1924—

"He did willfully, unlawfully have and keep in his possession and knowingly permit other persons, to informant unknown, to keep and have in possession upon the premises under the ownership and control of said defendant, a still worm and still, without having registered the said still worm and still as provided by law."

He has appealed from such conviction, and assigns as error that a part of the trial was conducted in his absence, to which exception was duly taken.

The record shows that after the jury was impaneled and sworn the defendant's counsel asked the court to stay the proceedings because the defendant was absent, stating that he had gone out to get his witnesses under instruction of the court, and that counsel was unable to proceed without his presence.  The court stated:

"Let the state go ahead and put its testimony on. Proceed with the case, Mr. County Attorney, if you are ready.

"Mr. Gensman:  To which action of the court the defendant objects and excepts."

Section 2641, Comp. St. 1921, provides:

"If the indictment or information is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant."

In Stuart v. State, 6 Okla. Cr. 27, 115 P. 1026, it is said:

"The only reasonable interpretation of this section of the statute is that a person can be tried upon a misdemeanor charge, the punishment for which was a fine only, in his absence; but if such a charge is one the punishment or part of the punishment for which is imprisonment, the presence of the person charged at the trial is necessary, and a trial had in his absence is a nullity."

In the recent case of Cole v. State, 35 Okla. Cr. 50, 248 P. 347, it is held that:

"In a misdemeanor case where the punishment may be imprisonment or fine and imprisonment, the accused must be personally present at the trial or must personally have waived the right to be present."

It follows that the conviction and judgment must be reversed.

No good purpose could be served by discussion of other questions raised. For the error indicated, the judgment is reversed.

BESSEY, P. J., and EDWARDS, J., concur.