[Civ. No. 6799. Second Appellate District, Division One.—December 16, 1929.]

PACIFIC INDEMNITY COMPANY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Holbrook, Taylor & Tarr and Robert B. Murphey for Petitioner.

Lloyd S. Nix, City Prosecutor, and F. W. Fellows and Joe W. Matherly, Deputies City Prosecutor, for Respondents.

CONREY, P. J.—On writ of review. In this proceeding the court is called upon to determine the validity of a summary judgment entered, upon forfeiture of a bail bond.

In the Municipal Court, one Armando was convicted of a misdemeanor, and was sentenced to serve a term of imprisonment. Thereupon the defendant appealed from the judgment and was admitted to bail and an undertaking of bail executed by petitioner was duly approved and filed. The bond, after the usual preliminary recitals, provides that the surety undertakes that the defendant "will appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall, at all times render himself amenable to the orders and processes of any court in which the same may be prosecuted; and that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that, in case the judgment be reversed and that the cause be remanded for a new trial, that he will appear in the court to which the cause may be remanded, and submit himself to the orders and processes thereof."

Upon the bail so given the defendant was released from custody. Thereafter the Superior Court reversed the judgment and remanded the cause for a new trial. The order of the Superior Court having been duly filed in the Municipal Court on December 13, 1928, the cause was called for resetting. At that time one W. Davis appeared for the defendant, and the case was continued to the next day. On December 14th, Davis again appearing for defendant, the case was set down to be tried on January 9, 1929. "Defendant ordered to appear. Thirty day period waived." When the case was called for trial on January 9th the defendant failed to appear. Thereupon the court declared the bail forfeited. Thereafter such proceedings were had

that summary judgment was entered against said surety, Pacific Indemnity Company, in the Superior Court. In the present proceeding by writ of review, the surety contends that the Superior Court, in entering such judgment, was without jurisdiction, and that the judgment should be declared null and void.

*Petitioner's first point* is that the bond is void because the conditions of liability, as stated therein, go beyond the requirements of the statutory form of an appeal bond as contained in section 1273 of the Penal Code. That section does not set out a prescribed form, but it provides the essentials of the agreement to be contained in the bond. "1273. *Nature of bail.* If the offense is bailable, the defendant may be admitted to bail . . . after conviction, and upon an appeal: . . . If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof."

The bond now in question contained the agreement required by section 1273. But by words preceding that agreement, it specified, in other terms, an undertaking that the defendant "will appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall, at all times render himself amenable to the orders and processes of any court in which the same may be prosecuted." The contention of petitioner is that the inclusion of these words made the bond a void instrument because they constitute a departure from the bond required by the statute, as set forth in Penal Code, section 1273.

The headnote, as well as the text of section 1273, indicates that there was no intention to prescribe the particular form of the undertaking. In the case of an appeal, if the appeal is dismissed, or if the judgment is affirmed or modified by the appellate court, there will be no further "prosecution," since the enforcement of the judgment relates only to the results of a completed prosecution. If the judgment be reversed and the cause remanded for a new trial, there is no uncertainty about the identity of the court to which the

cause must be remanded. From these considerations, it is a reasonable conclusion that the obligation of the surety as expressed in the words "will appear and answer the charge above mentioned in whatever court it may be prosecuted," etc., was in no respect made to differ from the obligation incurred by the words of agreement that the defendant "will appear in the court to which the cause may be remanded." We conclude that the bond was a valid instrument.

*Next,* petitioner contends that the valid terms of the bond were complied with when Armando appeared by attorney on the call of the case as hereinabove stated, on December 13th and December 14th, and that "the bond thereupon became *functus officio,* and no forfeiture thereof or judgment thereon could be validly rendered." This point rests upon the further claim that in a misdemeanor case the defendant need not personally appear, and that his appearance by attorney, when the case is on trial, or preliminary thereto, is a sufficient compliance with the obligation of the bond. The Constitution declares that in criminal prosecutions the defendant has the right "to appear and defend, in person and with counsel." (Const., art. I, sec. 13.) It is provided by section 1043 of the Penal Code that in a prosecution for misdemeanor the trial may be had in the absence of the defendant; whereas in section 1434 of the Penal Code it is provided that "the defendant must be personally present before the trial can proceed." This apparent contradiction is not actual. *People* v. *Aymar,* 98 Cal. App. 1 [276 Pac. 595], is a recent decision by Division Two of this district. (Rehearing denied by Supreme Court.) It was there held, for reasons fully explained, that section 1043 relates to Superior Courts only, and that section 1434 applies to Municipal Courts and to the inferior courts. By consequence it was further held that upon failure of the defendant to appear at the trial of a misdemeanor prosecution against him in the Municipal Court, the court was authorized to declare a forfeiture of the bond given for his appearance.

We are further of the opinion that the obligation of the bond was not discharged by reason of defendant's appearance by attorney at the call of the case on December 13th, or by his appearance by attorney on December 14th.

The defendant has never surrendered *himself* to the custody of the court. If he had left the state, as he may have done, there was no remaining power of the law to hold him, except through the surety on his bond. This control, we think, the law retains, until the defendant has personally submitted himself by an appearance in court.

 *The next point* requiring attention is that the judgment is void because the recitals of fact contained therein refer to entries in the docket of the Municipal Court, and not to the minute entries as required by section 1305 of the Penal Code. Under the facts shown by the record, the Superior Court was authorized to render a summary judgment upon the filing, by the district attorney, of the bond and a "certified copy of forfeiture" as contained in the Municipal Court's order of forfeiture. The bond was filed, and with it a certified copy of the "minutes" showing the order of forfeiture. There was filed also a certified copy of the "Docket," containing some of the facts recited in the judgment and not stated in the so-called "minutes." We are of the opinion, however, that the docket itself constitutes minutes of the Municipal Court. Section 1428 of the Penal Code reads as follows: *"Minutes, how kept.* A docket must be kept by the justice of the peace or police justice, or by the clerk of the courts held by them, if there is one, in which must be entered each action and the proceedings of the court therein." The headnote, "Minutes, how kept," as the code was enacted, is a part of the section. (*Bettencourt* v. *Sheehy,* 157 Cal. 698, 701 [109 Pac. 89]; *People* v. *Richards,* 86 Cal. App. 86, 90 [260 Pac. 582].) By the provisions of section 1461a of the Penal Code the procedure to be followed by the Municipal Courts in misdemeanor cases is required to be the same as provided in certain sections relating to Justices' Courts. Section 1428 is one of these sections. We have not discovered any provisions of statute which would change or be in conflict with those above noted, nor have we found any good reason why the docket should not be regarded as containing "minutes" of the court. The recitals in the judgment in the case now under review include the jurisdictional facts contained in the "docket" and in the "minutes," and show that they were brought to the attention of the court. This was suffi-

cient to establish the court's jurisdiction to enter the judgment.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 6, 1930, and an application by petition to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 13, 1930.

All the Justices present concurred.