[Civ. No. 7664.  First Appellate District, Division One.—March 2, 1931.]

THE PEOPLE et al., Respondents, v. NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Appellant.

Arthur T. Stollmack for Appellant.

E. J. Lickley, City Prosecuting Attorney, and Joe W. Matherly and F. W. Fellows, Deputy City Prosecuting Attorneys, for Respondents.

DOOLING, J., *pro tem.*—Appeal from a judgment against the surety on a bail bond. The bail bond was furnished in the municipal court of the city of Los Angeles in a prosecution for a misdemeanor. The defendant failed to appear for trial and the bail bond was ordered forfeited.

■ Appellant contends that under section 1043 of the Penal Code the trial for a misdemeanor may be had in the absence of the defendant and hence the forfeiture was unwarranted. Since the taking of this appeal, however, it has been settled that Penal Code, section 1043, applies only to trials in the superior court and that under Penal Code, section 1434, the municipal court may order the bail forfeited where a defendant fails to appear therein for trial. (*Pacific Indemnity Co.* v. *Superior Court,* 102 Cal. App. 566, 569 [283 Pac. 345]; *People* v. *Aymar,* 98 Cal. App. 1 [276 Pac. 595].)

■ Appellant's other point that the bond is more onerous than the requirements of section 1278 of the Penal Code is not borne out by the language of the bond. That section requires an undertaking that the defendant "will appear and answer the charge above mentioned, in whatever court it may be prosecuted, and will at all times hold himself amenable to the orders and process of the court, and if convicted, will appear for judgment and render himself in execution thereof, or if he fails to perform either of these conditions, that we will pay", etc. The bond given followed the language of the section except that it provided "or, if the said defendant fails to perform either of the conditions, orders or process of the court in said action, that we will pay", etc. The addition of the words "orders or process of the court" added nothing to the obligation of the bond, since among the enumerated conditions of the bond are those that defendant "will at all times hold himself amenable to the orders and process of the court".

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.