[Crim. No. 1804.   Third Dist.   Sept. 2, 1942.]

In re GEORGE TIPTON, on Habeas Corpus.

Charles Reagh for Appellant.

Otis D. Babcock, District Attorney, Elvin F. Sheehy and Robert Holstein, Deputies District Attorney, and Benjamin Frantz, Special Prosecutor, for Respondent.

ADAMS, P. J.—Petition for writ of habeas corpus.

This is a companion case to *In re Sozzi, ante,* p. 304 [129 P. (2d) 41] this day decided. As in the Sozzi case petitioner alleges that he is imprisoned and restrained of his liberty by the sheriff of Sacramento County, pursuant to a purported conviction in the Justice's Court of Sacramento Township, in that he wilfully and unlawfully collected garbage in said district, he not then being a collector employed thereby; that on appeal to the Superior Court of Sacramento County, his conviction was affirmed, and that his conviction and imprisonment are illegal for the reason that section 7 of Ordinance and Regulation No. 1 of Hagginwood Sanitary District, upon which the charge against him was based, is unlawful and void.

In the Sozzi case, wherein the same issue was presented, we have held that said enactment is valid, the writ of habeas corpus has been denied and petitioner remanded. ■ That decision would be controlling here, were it not that petitioner has also alleged that he was "tried in his absence in said Justice's Court, and never waived his right to be present in court, nor authorized anyone to waive such right, nor knew when his said case was set for trial"; also, "that your petitioner was informed by his employer, one Jennie Sozzi, that he had been charged with violating said Ordinance, and he appeared March 3rd, 1942, in Justice's Court in American Township, County of Sacramento, State of California, with counsel provided by his said employer, and was informed by said counsel, to-wit, Charles Reagh, that said case would not proceed further as to him because it had been agreed that a companion case against one L. L. Sozzi should be treated as a test case,

and that counsel representing the said Sanitary District and the district attorney had so agreed with said Charles Reagh. On such appearance, petitioner filed an affidavit for change of venue and was informed that proceedings against him would be stayed until the determination of said case of *People* v. *Sozzi.* Your petitioner was never again informed of any proceedings against him until Sunday, May 3rd, 1942, when he learned that there stood of record against him the judgment of conviction above mentioned as the result of proceedings on March 20th, 1942, and April 10th, 1942, in the court first above mentioned. Your petitioner never waived his presence in court or trial by jury or any of his other constitutional or statutory rights, nor authorized Charles Reagh nor anyone else to waive any of such rights on his behalf.'' The petition is verified, and no answer thereto was filed.

It is conceded in the brief filed by the district attorney on behalf of respondent, that Tipton was not present at the trial. It is asserted, however, in the said brief, that this was the result of the request of his counsel that a stipulation be entered into releasing Tipton from the necessity of appearing at the trial, and that such stipulation was entered into between Mr. Reagh, petitioner's counsel, and Mr. O'Shea, Chief Deputy District Attorney.

Section 1434 of the Penal Code provides that a defendant must be personally present before his trial in a justice's court can proceed. In *People* v. *Aymar,* 98 Cal. App. 1 [276 Pac. 595], it was held that in view of section 1434, *supra,* the presence of a defendant in a misdemeanor case, in a justice's court is required. Petition for hearing of this case in the Supreme Court was denied. Also, see *People* v. *New Amsterdam Casualty Co.,* 112 Cal. App. 293 [296 Pac. 653]; *Pacific Indemnity Co.* v. *Superior Court,* 102 Cal. App. 566 [283 Pac. 345]; *In re Casas,* 9 Cal. App. (2d) 122 [48 P. (2d) 990].

While section 1451 of the Penal Code provides that in justice's courts a new trial may be granted ''When the trial has been had in the absence of the defendant, unless he voluntarily absent himself with full knowledge that a trial is being had,'' which language suggests that a defendant may waive his right to be present, in the case before us it is asserted by petitioner, and not denied, that he did not know that his case was set for trial, so it cannot be said that he voluntarily absented himself with full knowledge that a trial was being held; and whether in view of the language of section 1434,

*supra,* and the decision in *People* v. *Aymar, supra,* a defendant may waive his presence at his trial, or his attorney can waive it for him, need not be determined here, since the unverified statements in respondent's brief as to any stipulation or waiver by petitioner's attorney cannot be considered in view of the allegations of the verified petition.

The writ is allowed, and petitioner is ordered discharged.

Thompson, J., and Schottky, J. pro tem., concurred.