SOUTHER v. REID.
Civ. A. 616.

United States District Court
E. D. Virginia,
Alexandria Division.

Dec. 12, 1951.

Van Meter & Bloxton, Falls Church, Va., for plaintiff.

Frank L. Ball, Arlington, Va., for defendant.

BRYAN, District Judge.

Properly summoned to appear in the County Court of Arlington, Virginia on a charge of misdemeanor—violation of the revenue laws—plaintiff here went about his business elsewhere and sent his lawyer to the court to enter a plea of guilty vicariously. The presiding judge directed that the accused respond to the process in person, according to its terms, and upon his failure to do so, issued a capias for his attachment. Later in the day he was arrested upon the capias, incarcerated for several hours, and on the next day arraigned before another judge, found guilty and fined $20. Now he sues the first judge for damages, averring his arrest as a denial to him of due process of law in transgression of the Civil Rights Act, 8 U.S.C.A. § 43. His premise is that his personal presence in court was not demandable because the offense was only a misdemeanor, his arrest therefore illegal, and his liberty unlawfully restrained by the judge under color of State authority.

Summary judgment must go for the defendant. In every respect the arrest was lawful. Authority, conferred by Va. Code 1950, § 19–154, to try a misdemeanor charge in the absence of the accused is not a right given him; it is a privilege accorded only to the court. It does not relax the defendant's obligation to appear in obedience to the mandate of the summons. Nor does the statute abridge the power of the court to require his submission in person to its jurisdiction—perhaps to answer its judgment. The plaintiff has not been deprived of due process, "the law of the land" or of any Federal right.

Another reason the complaint cannot be sustained is that the judge is not suable. He had exclusive original jurisdiction of the infraction charged. Even if the capias was unauthorized, it was but an erroneous exercise of power possessed, not an arrogation of power unpossessed. Under these conditions the motive prompting the exertion of the power becomes unimportant. Berry v. Smith, 148 Va. 424, 139 S.E. 252, 55 A.L.R. 279; Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646; Papagianakis v. The Samos, 4 Cir., 186 F.2d 257. The same salutary public policy which created the doctrine of judicial immunity dictates that asserted liability under the Civil Rights Act should not be excepted from its protection. Bottone v. Lindsley, 10 Cir., 170 F.2d 705.

An order sustaining the defendant's motion for summary judgment will now be entered.