STATE v. LeROY SUPER.

161 N. W. (2d) 832.

September 27, 1968—No. 41,265.

452

*Michael J. Fitzgerald,* for relator.

*Keith M. Stidd,* City Attorney, and *Robert J. Alfton,* Assistant City Attorney, for respondent.

NELSON, JUSTICE.

Writ of certiorari to review an order of the Hennepin County Municipal Court dated January 25, 1968, wherein petitioner, LeRoy Super, was charged with criminal contempt of court, for failure to be present when the charge of simple assault against him was called for trial, and bail of $200 previously furnished by petitioner was ordered to be forfeited.

The petition for the writ was made upon the ground that petitioner was in court through his counsel pursuant to Minn. St. 631.01 and was prepared for trial on the misdemeanor charge, and upon the further ground that the court was advised by petitioner's counsel that petitioner claimed the benefit of § 631.01, which states in part:

"* * * If the charge against the accused be a misdemeanor, the trial *may* be had in the absence of the defendant, if he shall appear by counsel; but, if it be for a felony or gross misdemeanor, he shall be personally present." (Italics supplied.)

On February 5, 1968, a hearing on the charge of contempt was held and the court found that petitioner was not in contempt but his $200 bail was not reinstated. On the same date, $35 more bail was required to be posted to insure petitioner's presence at the trial which was rescheduled at that time.

The legal issues presented are: (1) Does § 631.01 give the trial judge of the Hennepin County Municipal Court discretionary power to proceed or not to proceed when the defendant is not present but is represented at trial by counsel? (2) Does a trial court have the power to forfeit the bail of a defendant charged with a misdemeanor who does not appear at the time fixed by the court for his personal appearance and attendance at trial?

■ Petitioner claims that one who is charged with a misdemeanor may choose to appear through counsel and trial may then be had in the absence of the defendant. Petitioner cites State v. Reckards, 21 Minn. 47, as the only case on the point at issue in Minnesota. In Reckards we said (21 Minn. 50):

"Section 145, ch. 65, Gen. Stat., provides that 'after the jury are sworn, they shall sit together and hear the evidence and allegations in the action, which shall be delivered * * * in the presence of the accused.' This is in accordance with § 6, art. 1, of our constitution, which declares that 'in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him.' The right, however, is that of the accused, and, in case of prosecution for minor offences, such as are cognizable by a justice of the peace, may be waived, at least where the counsel of the accused is present for him, as was the case in this instance. See 1 Bishop's Cr. Proc., § 684, *et seq.* Section 3, ch. 114, Gen. Stat., provides that even an indictment for misdemeanor may be tried in the absence of the defendant, if he appear by counsel, his personal presence being required only upon his trial for felony."

Petitioner here interprets this as holding that the accused has the right not to be present in court when charged with a misdemeanor and contends that the court in this case denied him that right. It is clear from reading the Reckards decision that Mr. Justice Berry, when he used the

words "[t]he right, however, is that of the accused" was directing that statement to supplement the words "the accused shall enjoy the right * * * to be confronted with the witnesses against him." The decision did not state that the right not to be present in court where the charge is a misdemeanor is the right of the accused. What it did state was that "even an indictment for misdemeanor *may* be tried in the absence of the defendant, if he appear by counsel." (Italics supplied.)

The state contends that the phrase "the trial *may* be had in the absence of the defendant" in § 631.01 places with the trial court the discretionary power to proceed or not to proceed with the trial. This issue has never been before this court and has been presented to an appellate court in but few instances. Those courts which have construed similar statutes have substantiated the state's contention.

In Souther v. Reid (E. D.Va.) 101 F. Supp. 806, the plaintiff brought a civil action against a county judge for damages on the ground that his arrest because of his failure to appear personally on a misdemeanor charge was (101 F. Supp. 807) "a denial to him of the due process of law in transgression of the Civil Rights Act, 8 USCA, § 43." In granting a summary judgment in the defendant's favor, the court noted that an attorney had appeared for the plaintiff in the criminal proceedings, but stated (101 F. Supp. 807):

"* * * Authority, conferred by Va. Code 1950, § 19-154, to try a misdemeanor charge in the absence of the accused is not a right given him; it is a privilege accorded only to the court. It does not relax the defendant's obligation to appear in obedience to the mandate of the summons."

In Warren v. State, 19 Ark. 214, 217, the Arkansas statute provided that a defendant may appear "either personally or by his counsel" for a misdemeanor offense. The trial court refused to allow the attorney to appear for his client and revoked the security or bail. The attorney, who was also defendant's surety, appealed the forfeiture. The Arkansas court stated (19 Ark. 217):

"* * * [I]t is purely a matter of discretion with the Court, before which a criminal prosecution for a misdemeanor is depending, whether the defendant shall or shall not be permitted to answer to the indictment by at-

torney or agent, without personally appearing in Court himself, to be exercised or not, according to the circumstances in each particular case; and, it being a matter of sound discretion in the Court, cannot be controlled or reviewed by this Court, on error or appeal."

The Arkansas court followed the Warren case in Bridges v. State, 38 Ark. 510, 511, wherein the trial court had refused to allow an attorney to try the case in defendant's absence and revoked the bail bond, stating:

"The court below, in the exercise of its discretion, declined to permit appellant to be tried in his absence, and in matters of discretion, there is no review on appeal except in cases of abuse."

In Owen v. State, 38 Ark. 512, 513, under a similar set of facts, the court held:

"* * * [T]he court was not legally obliged to permit the trial to proceed in his absence. It was, as we have held in other cases, matter of discretion in the court, and a practice not to be commended."

In State v. Garland, 67 Maine 423, the defendant failed to appear for trial. The defense attorney wanted to proceed but the court refused. The court, in upholding the trial court, said (67 Maine 426):

"* * * Thus, by all the authorities, while it is held discretionary with the court to permit the trial to proceed in the defendant's absence, it is only a matter of discretion and will be permitted only for urgent reasons * * *."

In United States v. Shelton (E. D. La.) 6 F. (2d) 897, the surety on a bail bond sought remittance of the bond after it was forfeited when the defendant failed to appear for trial. The surety argues that the trial could have been held in defendant's absence and that therefore there was no cause to impose the penalty of forfeiture. The court upheld the forfeiture, stating (6 F. [2d] 900):

"* * * [A] trial in his absence would be absolutely contrary to all general principles and practice, and would be illegal, null, and void."

In the State of California the corresponding statute provides in part (California Penal Code, § 1043):

"The defendant must be personally present at the trial; provided, that

in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence."

Prior to 1951, it also provided that whenever a defendant's presence was necessary for the purpose of identification the court could, upon application of the district attorney, require his personal attendance. Thus, in Carroll v. Police Court, 66 Cal. App. 66, 225 P. 35, the court upheld a bail forfeiture where defendant failed to comply with the court's order that he appear personally.

Where the misdemeanor offense is before a police or municipal court rather than a district court, the California statute does not apply and the defendant must always appear.[1] The California statute referred to appears to be dissimilar to Minn. St. 631.01 in that if the defendant has "full knowledge" that a trial is to be had the trial may proceed in his absence. The court, however, would still be the determiner of "full knowledge" and therefore "consent," though none of the opinions cited discusses discretion.

In Cole v. State, 35 Okla. Cr. 50, 54, 248 P. 347, 348, the court, interpreting a statute similar to the California statute, stated:

"* * * In a misdemeanor case, * * * where the punishment may be imprisonment as well as a fine, the accused may waive the right to be present, but the right to waive is personal and can be exercised only by accused."

The waiver, the court concluded, must be in person. Cf. Bardsher v. State, 35 Okla. Cr. 185, 249 P. 437.

The Kentucky Criminal Code of Practice, § 184, provided that the trial of one accused of a misdemeanor might be held in his absence.[2] The

---

[1] People v. Aymar, 98 Cal. App. 1, 276 P. 595; cf. In re Baird, 150 Cal. App. (2d) 561, 310 P. (2d) 454, 68 A. L. R. (2d) 628; Pacific Ind. Co. v. Superior Court, 102 Cal. App. 566, 283 P. 345; see, also, Tischhauser v. Jarvis, 95 Cal. App. 524, 273 P. 66. But see, Kehlor v. Municipal Court, 116 Cal. App. (2d) 845, 254 P. (2d) 897.

[2] Rule 8.28(3), Kentucky Rules of Criminal Procedure, effective January 1, 1965, contains this provision.

Kentucky Court of Appeals construed that statute in Barnett v. Russell, 299 Ky. 242, 185 S. W. (2d) 261. In that case a writ of prohibition was sought to prohibit further proceedings on a bench warrant and bond forfeiture imposed because of a defendant's failure to appear for trial. His counsel had appeared and was prepared to represent his defendant at trial. The Kentucky court sustained the trial court's actions, stating (299 Ky. 244, 185 S. W. [2d] 263):

"A careful consideration of the subject has convinced us that Section 184 of the Criminal Code of Practice providing that *the trial of one accused of a misdemeanor may be held in his absence was enacted, not for the convenience of the accused, but in order to make certain that the Commonwealth might not be delayed in the prosecution of those guilty of minor offenses as it is frequently delayed in the prosecution of felons by the provisions of Section 183 of the Criminal Code of Practice requiring their personal presence throughout the trial.* The use of the word '*may*' in Section 184 is persuasive of the correctness of this conclusion, as is likewise the absence of any language conferring a right or privilege upon the accused to remain absent. He has the constitutional right to be present, and, notwithstanding the provisions of Section 184 of the Criminal Code of Practice, may not be tried in his absence unless his absence is voluntary. Moore v. Commonwealth, 203 Ky. 350, 262 S. W. 298. Though he has the right to be present and may waive it, it does not follow that he has the right to be absent in violation of his surety's undertaking that he would be present." (Italics supplied.)

In answer to the proposition that only the defendant would be injured by his absence, the court replied (299 Ky. 245, 185 S. W. [2d] 263):

"* * * [I]t is readily conceivable that in many cases the accused's presence might facilitate his identification by the Commonwealth's witnesses as the perpetrator of the offense. Furthermore, in cases such as here, where the accused, if guilty of the misdemeanors charged, might be imprisoned as well as fined, his absence at the time judgment is rendered might handicap the Commonwealth in enforcing the jail sentence. In any event, we would not be justified in restricting the power of the courts of the Com-

monwealth to enforce the criminal law, unless the protection of some substantial right of the citizen demanded such action."

We think the reasoning of the Kentucky court is sound and protects the rights of both the defendant and the prosecution, as well as providing for an orderly trial.

We conclude that § 631.01 gives to the trial court a discretionary right to determine whether or not to proceed in the absence of a defendant. The question here is thus whether the municipal court abused its discretion in not doing so.

It has been recognized in some jurisdictions that the court has the power to proceed with the trial of a defendant in a misdemeanor action, where he is voluntarily absent, but his counsel is present to represent him, this constituting in substance a waiver of any right on his part to be present. See, Annotation, 68 A. L. R. (2d) 638, 659, indicating that the Minnesota decision in State v. Reckards, *supra*, was to that effect. The annotation and the cases indicate, however, that a more direct waiver should be required when the charge against the defendant is not limited to a fine but may involve imprisonment in some form.

The state in the instant case contends that § 631.01 merely allows a procedure that enables a defendant to not appear in court. He may not, however, absent himself without the permission of the court. Even where a right to be present can be waived, this does not amount to a right to be absent, since the prosecution has a right to require a defendant to be present for purposes of identification by witnesses. People v. Winship, 309 N. Y. 311, 130 N. E. (2d) 634; State v. Vincent, 222 N. C. 543, 23 S. E. (2d) 832. The prosecution here objected to proceeding without the defendant's being present. Identity is a main issue in a simple assault charge and defendant's absence would make it difficult, if not impossible, for the trier of fact to arrive at a true and just verdict. Cf. State v. Norton (Mo.) 347 S. W. (2d) 849.

Another problem before the trial court in determining whether it should proceed in the instant case was whether there were before it sufficient facts to show a waiver by defendant of his right to appear for trial. This court in State v. Tupa, 194 Minn. 488, 495, 260 N. W. 875, 878, 99 A. L. R. 147, stated:

"Waiver is a voluntary relinquishment of a known right. Voluntary choice is of the essence of waiver, and not mere negligence. * * * Waiver is either the result of an intentional relinquishment of a known right or an estoppel from enforcing it. It is largely a matter of intention. It must be based on a full knowledge of the facts."

Waiver has also been defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U. S. 458, 464, 58 S. Ct. 1019, 1023, 82 L. ed. 1461, 1466. There is no indication in the transcripts of the proceedings in this case of a waiver by defendant of his right to appear for trial.

Henry v. Mississippi, 379 U. S. 443, 85 S. Ct. 564, 13 L. ed. (2d) 408, suggests that an attorney cannot waive a constitutional right of his client without the client's consent even while the trial is in progress. See, also, Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837 (waiver of right to appeal); State v. Mendes, 99 R. I. 606, 210 A. (2d) 50. For a discussion of criminal waiver, see Comment, 54 Calif. L. Rev. 1262.

We think the record clearly shows that the trial court did not abuse its discretion by refusing to proceed to trial without the personal appearance of defendant as required by his bail arrangement. No waiver was indicated. Had the court proceeded to trial and defendant been found guilty, this court, based upon the law cited herein, might well be compelled to grant defendant a new trial.

■ Minn. St. 629.44, which provides when an offender may give recognizance, states in part:

"In every case where the offense charged in the warrant shall not be punishable by imprisonment in the state prison, upon request of the person arrested, the officer making the arrest shall take him before a magistrate of the county in which the arrest shall be made, for the purpose of entering into a recognizance without trial or examination, and such magistrate may take from him a recognizance with sufficient sureties for his appearance before the court having cognizance of the offense and next holden in such county, and thereupon he shall be liberated."

Section 629.53 provides that cash bail may be accepted by a judge of a court of record and that he shall order the same to be deposited with

the clerk, where it remains until the final disposition of the case and the further order of the court relative thereto. Section 629.53 further provides:

"* * * Cash bail in the hands of the court or any officer thereof shall be exempt from garnishment or levy under attachment or execution."

In United States v. Pleason (D. Minn.) 26 F. (2d) 104, the court provided that the recognizance involved in that case held to require the accused to appear on date specified and continually thereafter until the case was disposed of, and appearance after the date specified was insufficient. The court in that case held that under 18 USCA, § 591, all proceedings for holding an accused person to answer to a criminal charge before a Federal court are ruled by the laws of the state in which the proceedings take place, unless otherwise provided by Federal statute, and the sufficiency of bail bond taken in such proceedings is to be determined by state law. The author of the opinion in the Pleason case said (26 F. [2d] 106):

"It seems to me that the case of State v. Cooper, 147 Minn. 272, 180 N. W. 99, disposes of the question presented by this motion. There a recognizance very similar to this one was under consideration. The court said of it [147 Minn. 273, 180 N. W. 100]:

"'The bond is not for an appearance on a particular day. It is a continuing bond pending trial. It requires Cooper to appear for such trial whenever the court shall order such appearance and whenever the cause should be called for trial. Not only that, continuously from day to day and term to term, he is to appear and answer the indictment. And, lastly, at all times, until final decree, sentence, or order, he is to obey and abide all orders of the court and not depart without leave, or until discharged by the court.'"[3]

---

[3] A judge of a municipal court, which is a court of record, has the same power as a judge of a district court when acting as an examining magistrate and the limitations on the power of the justice of peace to fix bail do not apply to a judge of a municipal court when so acting. Opinion Attorney General, No. 605-A-3, Sept. 17, 1926. See, also, Opinion Attorney General,

It was also held in State v. Cooper, 147 Minn. 272, 180 N. W. 99, that irregularities in the continuance of a criminal cause pending trial do not release a surety on the bail bond.

State v. Carey, 151 Minn. 517, 187 N. W. 710, considered the matter of cash bail. There we said (151 Minn. 523, 187 N. W. 712):

"* * * The here important provisions [of G. S. 1913, § 9084] read: '* * * Cash bail in the hands of the court or any other officer thereof shall be exempt from garnishment or levy under attachment or execution.' Similar statutes in other states have been construed to go no farther than to secure the state and protect the custodian of the bail money against claims asserted thereto by anyone other than the person released from custody upon the cash being deposited in lieu of a bail bond. Mundell v. Wells, 181 Cal. 398, 184 Pac. 666, 7 A. L. R. 383; Wright & Taylor v. Dougherty, 138 Iowa 195, 115 N. W. 908; Ex rel. Meyer v. Gould, 75 App. Div. 524, 78 N. Y. Supp. 279; Cohen v. Bruere, 96 Misc. 609, 162 N. Y. Supp. 75."

Clearly, petitioner here, when depositing his $200 as cash bail, promised the judge of the municipal court that he would appear when his case was called for trial. The bail system seeks to reconcile the defendant's interest in pretrial liberty with the need for assurance that he will return for trial by making his release conditional on his providing financial security for his appearance. Petitioner's only contention in fact herein is that § 631.01 affords him an absolute right not to appear at the trial if he provides an attorney to appear in his absence. This contention we have already rejected. Its acceptance would reduce the misdemeanor bail procedure to a nullity. Under the circumstances of this case, the refusal on the part of the municipal court to reinstate the cash bail bond for $200 must be affirmed.

---

No. 306-B-2, Feb. 10, 1961. For other authorities involving bail and its forfeiture, see In re Application of Shetsky for Return of Bail Money, 239 Minn. 463, 60 N. W. (2d) 40; State v. Mastrian, 266 Minn. 58, 122 N. W. (2d) 621, certiorari denied, 375 U. S. 942, 84 S. Ct. 349, 11 L. ed. (2d) 274. See, generally, 8 Am. Jur. (2d) Bail and Recognizance, § 4; 4 Wharton, Criminal Law and Procedure, §§ 1807 to 1822.

Since the trial court did not abuse the discretionary power given it by § 631.01 in refusing to proceed to trial when petitioner was not present, even though he was represented at trial by counsel, the order of the court below is affirmed.

Affirmed.