Argued and submitted November 19, 1986, affirmed April 8, 1987

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY WAYNE FERGUSON,
*Appellant.*

(DA 314363-8602; CA A40337)

735 P2d 3

David B. Gray, Portland, argued the cause and filed the brief for appellant.

Jens Schmidt, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted of assault in the fourth degree and contends on appeal that the trial court erred by requiring him to attend his trial. He also asserts that the court erred by admitting a statement that should have been excluded under OEC 404(3). We affirm.

Defendant attended a party at Riviera Gardens apartments. The apartment manager received complaints about the party and a disturbance in the parking lot. He went to the parking lot carrying a nightstick and encountered defendant and two other individuals in a car. An argument occurred and a fight followed, resulting in the manager being beaten until he was unconscious. The manager could not identify defendant as one of his assailants, because he was attacked from behind.

Defendant's pretrial motion to waive his personal appearance under ORS 135.030 and 136.040 was denied. He also made a pretrial motion to exclude the statement overheard during the fight, "Jeff, don't kick the woman." That motion was granted. However, after defendant testified that he had not participated in the assault, the state asked the court to reconsider the admissibility of the statement. The court, after testimony outside the presence of the jury from four witnesses, concluded that the statement's reliability was established and admitted it as an excited utterance.

Defendant first assigns as error the trial court's denial of his pretrial motion to waive appearance at trial. ORS 136.040 provides:

> "If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."

He contends that that statute gives an individual charged with a misdemeanor the right to be absent from trial and that the trial court did not have the authority to require him to appear.[1]

---

[1] ORS 135.030(2) provides:

"When the accusatory instrument charges a crime punishable as a misdemeanor, the defendant may appear in person or by counsel."

It relates to appearance at arraignment. Defendant does not argue that ORS 135.030 has significance for his argument different from ORS 136.040.

The statute does not expressly address whether an accused, rather than the court, may decide whether the trial will be conducted in his absence. Neither does defendant provide any authority to support his theory. Decisions from jurisdictions that have interpreted similar statutes are instructive in our construction of ORS 136.040. They hold that such statutes grant discretion to the court to allow a defendant's absence. *Souther v. Reid,* 101 F Supp 806, 807 (ED Va 1951); *State v. Brandt,* 253 NW2d 253, 260 (Iowa 1977). The statutes do not give a defendant an absolute right to be absent at his option, as defendant here suggests. *State v. Super,* 281 Minn 451, 458, 161 NW2d 832 (1968). Additionally, the prosecution has the right to require a defendant's presence so that he can be identified by witnesses. *State v. Brandt, supra,* 253 NW2d at 260; *State v. Super, supra,* 281 Minn at 458.

■ ■ We conclude that ORS 136.040 does not support defendant's argument. A logical interpretation of the statute indicates that the court may determine, in some circumstances, that a fair trial may be conducted in a defendant's absence, if his counsel is present. This interpretation is consistent with the statute's purpose, which is to protect a defendant from unfair proceedings in his absence. *State v. Beeson,* 248 Or 411, 434 P2d 460 (1967). Accordingly, ORS 136.040 does not prohibit the court, in the exercise of its discretion, from ordering a defendant to be present at trial. The court's ability to require a defendant's presence is especially important, in situations such as this, for identification. Without in-court identification, the state would have had difficulty presenting its case. The trial court did not abuse its discretion by requiring defendant to be present.

Defendant also assigns as error the trial court's admission of the statement by a hearsay declarant. Defendant, whose nickname is "Jeff," concedes that the statement, "Jeff, don't kick the woman," is relevant to and probative of whether he was present and is admissible as an excited utterance under OEC 803, but he argues that it should have been excluded under OEC 404(3), because it implies that he assaulted somebody else during the same incident and that such "uncharged misconduct" must be excluded, unless it fits one of the listed exceptions. OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible

to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

OEC 404(3) prevents admission of prior bad act evidence when offered solely to prove the character of the person *and* that the person acted in conformity therewith. *State v. Johns,* 301 Or 535, 725 P2d 312 (1986); *see also State v. Harvey,* 82 Or App 595, 728 P2d 940 (1986). Here, the state offered the statement to rebut defendant's testimony that he did not participate in the assault. That is a permissible purpose under OEC 404(3), because the evidence was not offered solely to prove defendant's character or that he acted in conformity with that character but as a means of identifying defendant as a participant in the crime.

A court must also determine whether a statement's probative value is outweighed by its prejudicial effect under OEC 403; *State v. Mayfield,* 302 Or 631, 733 P2d 438 (1987). The inquiry proceeds through a four step analysis. First, the court must determine the proponent's need for the uncharged misconduct evidence. Next, it must assess to what degree the evidence would prejudice the jury and distract it from the central question of whether the defendant committed the charged crime. Third, it must balance the prosecution's need for the evidence against the danger of unfair prejudice. Fourth, it must make a ruling admitting or excluding all of the evidence or only part of it.

That analysis indicates that the testimony here was admissible. The state needed the evidence to rebut defendant's statement that he did not participate in the assault. It also helped identify defendant as the assailant. The evidence was only minimally prejudicial and would not distract the jury from deciding the issue before it: whether defendant committed the assault. The statement did not invite the jury to convict defendant on the basis of uncharged misconduct or because he had a propensity to commit assault. Additionally, because testimony that defendant was the assailant had already been introduced, the prejudicial impact created by the disputed statement would have been minimal. Balancing the factors results in the conclusion that the evidence was more

probative than prejudicial. Although the trial court did not overtly proceed through the steps suggested in *Mayfield,* its ruling was based on the analytical principles elucidated. The trial court did not err.

Affirmed.