Argued and submitted October 8, affirmed
December 10, 1979, reconsideration denied January 17,
petition for review denied February 20, 1980 (288 Or 571)

## QUAST,
*Appellant,*

*v.*

## CITY OF ONTARIO,
*Respondent.*

(No. 15,262-L, CA 13856)

603 P2d 1210

Max S. Taggart, II, Ontario, argued the cause for appellant. With him on the brief was Taggart and Taggart, Ontario.

Cliff S. Bentz, Ontario, argued and cause for respondent. With him on the brief was Yturri, Rose & Burnham, Ontario.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.,**

In this action for false arrest plaintiff appeals from summary judgment for defendant granted on the basis of judicial immunity. The sole issue presented here is whether a municipal judge is immune from civil liability when he issues an arrest warrant in the good faith mistaken belief that a traffic fine was not paid.

In 1977 plaintiff was issued a traffic citation for a signal violation in Ontario, Oregon. On the day of his scheduled appearance in court, he posted bail and forfeited it as payment of a fine. Payment was noted on the citation by signature of the municipal court judge. Three months later, without further notice to plaintiff, the same judge issued a warrant of arrest for plaintiff. Plaintiff was arrested in the evening at his home in the presence of guests. In an affidavit filed with defendant's motion for summary judgment in this case, the municipal judge stated that he had issued the warrant in the good faith belief that the traffic fine had not been paid. The warrant was issued on the basis of municipal court records indicating plaintiff had failed to post the required bail.

Plaintiff concedes that the judge had subject matter jurisdiction over the traffic offense, but he argues that once the fine had been paid, personal jurisdiction was thereafter lacking, and hence the judge was acting "wholly outside the jurisdiction of the court." *Utley v. City of Independence,* 240 Or 384, 387, 402 P2d 91 (1965). But *Utley* also clothes a judicial officer with immunity if the action complained of is one "within the colorable jurisdiction of the court." Immunity applies "unless a clear absence of jurisdiction is at once apparent to the ordinary understanding." *Utley, supra* at 386, citing *Cottam v. Oregon City,* 98 F 570 (CC D Or 1899). A reasonable belief of the municipal judge that the fine had not been paid would be sufficient to render him immune from any liability, under *Utley.* Since the judge was immune from liability the defendant is immune as well, *Higgins v. Redding,* 34 Or App 1029, 580 P2d 580 *rev den* 284 Or 80a (1978).

Affirmed.