GERMEROTH,
*Appellant,*

*v.*

CITY OF OREGON CITY et al,
*Respondents.*

(85-8-34; CA A38453)

733 P2d 32

Nelson R. Hall, Portland, argued the cause for appellant. With him on the brief were John S. Stone and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Robert E. Franz, Jr., Eugene, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action for false arrest, false imprisonment and negligence against the city and its municipal judge, based on the latter's issuance of a warrant for plaintiff's arrest when there was no sworn complaint on file. *See* Or Const Art I, § 9; ORS 133.005 to 133.030; ORS 133.110. The bases for the warrant were two citations for violations of parking regulations under city ordinances. Those citations were placed on the offending vehicle slightly less than two years before the judge issued the arrest warrant and approximately six months after plaintiff had sold and given possession of the vehicle to another person. The trial court dismissed the action on the ground that defendants enjoyed judicial immunity. Plaintiff appeals, and we affirm.[1]

The only issue that the parties dispute in this appeal is whether the municipal judge and, derivatively, the city are judicially immune. Plaintiff relies on *Utley v. City of Independence,* 240 Or 384, 402 P2d 91 (1965). The plaintiff there brought a false arrest action after the municipal judge, who was also the city recorder, issued a warrant for the plaintiff's arrest without a sworn complaint having been filed. The magistrate's action in *Utley* was based on his discovery, in his capacity as recorder, that the plaintiff was delinquent in his payment of sewer assessments. A city ordinance provided that "persons delinquent in the payment of sewer assessments will be subject to prosecution which may result in a fine or imprisonment." 240 Or at 386. After the plaintiff failed to respond to a demand letter, the recorder *qua* judge issued the warrant for his arrest. The Supreme Court rejected the city's judicial immunity defense:

> "The plaintiff concedes that the judge of a municipal court duly created by a city charter is clothed with immunity from personal liability while in the performance of his authorized judicial business. Immunity also protects the judge when he acts in a matter in which his jurisdiction is questionable. In

---

[1] The events took place before the enactment of Oregon Laws 1983, chapter 661. It is not completely clear from this record—and it is immaterial to the issue in the case—how the existence of the traffic citations came to the judge's attention, but computers appear to be implicated. Plaintiff brought an earlier action based on the same events in the United States District Court for Oregon. That court dismissed plaintiff's 42 USC § 1983 claim on the basis of judicial immunity and dismissed the pendent state law claims on grounds of lack of diversity.

*Cottam v. Oregon City,* 98 F 570 (CC D Or 1899), immunity was said to apply unless a clear absence of jurisdiction is at once apparent to the ordinary understanding.

"* * * * *

"It is necessary only to decide whether the action of the recorder (municipal judge) in issuing the warrant in the instant case was an action wholly outside the jurisdiction of the court or an action within the colorable jurisdiction of the court. To answer these questions, we must look to the sources of the jurisdiction of the municipal judge.

"Section 20 of the Charter of the City of Independence designates the city recorder as the *ex officio* municipal judge and provides:

" ' * * * The municipal judge shall have authority to issue process for the arrest of persons accused of an offense against the ordinances of the city * * *. When not governed by ordinance or this charter, all proceedings in the municipal court for the violation of a city ordinance shall be governed by the general laws of the state governing justices of the peace and justice courts.'

"In defining the general provisions and proceedings prior to judgment in Justices' Courts, the Oregon Revised Statutes include the following:

" ' Upon the filing of the complaint, the justice shall issue a warrant of arrest for the defendant named therein.' ORS 156.050.

"ORS 133.040 provides as follows:

" 'When complaint is made to a magistrate of the commission of a crime, the magistrate shall examine the informant on oath, reduce his statement to writing, cause the same to be subscribed by him and take the depositions of any witnesses that he produces in support thereof.'

"In the case of a search warrant, this court has held that the requirement of a sworn statement was jurisdictional. The issuance of a search warrant without an affidavit thus was not the erroneous performance of an authorized judicial function, but was the performance of a wholly unauthorized act by one having no jurisdiction to act.

"* * * * *

"We hold that, except for those cases covered by ORS 133.340, when a judicial officer issues a warrant without a sworn complaint having been made, there is no judicial

business properly before him, and he acts as a private citizen. The unauthorized action is not, therefore, merely the erroneous exercise of colorable judicial power, but it is the usurpation of judicial power, and is not protected by immunity." 240 Or at 386-90.[2]

We explained *Utley* in *Quast v. City of Ontario,* 43 Or App 557, 603 P2d 1210 (1979), *rev den* 288 Or 571 (1980), a false arrest action arising out of a municipal court judge's issuance of a warrant for the plaintiff's arrest based on a traffic citation. The warrant was issued because the court records did not reflect the fact that the plaintiff had forfeited bail. We said:

"Plaintiff concedes that the judge had subject matter jurisdiction over the traffic offense, but he argues that once the fine had been paid, personal jurisdiction was thereafter lacking, and hence the judge was acting 'wholly outside the jurisdiction of the court.' *Utley v. City of Independence,* 240 Or 384, 387, 402 P2d 91 (1965). But *Utley* also clothes a judicial officer with immunity if the action complained of is one 'within the colorable jurisdiction of the court.' Immunity applies 'unless a clear absence of jurisdiction is at once apparent to the ordinary understanding.' *Utley, supra* at 386, citing *Cottam v. Oregon City,* 98 F 570 (CC D Or 1899). A reasonable belief of the municipal judge that the fine had not been paid would be sufficient to render him immune from any liability, under *Utley.*" 43 Or App at 559.

The salient difference between this case and *Utley* is that, in *Utley,* there was nothing that *could* have come within the judge's jurisdiction at the time he issued the arrest warrant. The judge essentially purported to initiate a prosecution by issuing the warrant before there was any charge on which it could be predicated. Here, conversely, there were two parking citations over which the municipal court had *jurisdiction* under Chapter VII, section 45A, of the city charter and section 1-12-3 of the city code, whether or not the court had *authority* to order plaintiff's arrest in exercising its jurisdiction.

---

[2] ORS 133.040 was repealed by Oregon Laws 1965, chapter 508, section 8. The other statute cited in *Utley,* ORS 156.050, was amended by Oregon Laws 1983, chapter 661, section 13, to delete the reference to the "filing of the complaint." Notwithstanding those statutory changes and in the light of the current provisions we have cited in the text, we assume without deciding that the holding in *Utley* would be correct today under the same facts.

Whether the citations rather than sworn complaints could serve as a sufficient basis for issuing the warrant is not free from doubt. ORS 221.340 provides:

"(1)   In all prosecutions for violation of motor vehicle parking laws, it shall be sufficient to charge the defendant by an unsworn written notice if the same clearly states:

"(a)   The date, place and nature of the charge.

"(b)   The time and place for defendant's appearance in court.

"(c)   The name of the issuing officer.

"(d)   The license number of the vehicle.

"(2)   The notice provided for in subsection (1) of this section shall either be delivered to the defendant or placed in a conspicuous place upon the vehicle involved in the violation. The notice shall serve as the complaint in the case. In all other respects the procedure now provided by law in such cases shall be followed.

"(3)   A district court and a justice court have concurrent jurisdiction over parking offenses committed within the county, and a city court for offenses committed within the jurisdictional authority of the city."

*See also* Oregon City Code, section 10-3-11.

Plaintiff argues:

"Defendants erroneously contend that the notice provisions under ORS 221.340 also serve as a 'sworn complaint' upon which an arrest warrant can be issued. Defendants cited no authority for that proposition. While ORS 221.340 allows the use of a parking ticket, placed on the vehicle, to serve as the complaint in the case of a *parking violation,* the statute does not allow the parking ticket to later serve as a sworn complaint for issuing an arrest warrant. In fact, ORS 221.340(2) states, in pertinent part: 'In all other respects the procedure now provided by law in such cases shall be followed.' " (Emphasis plaintiff's.)

We need not decide whether plaintiff's understanding of ORS 221.340 is correct, because the issue in the light of *Utley* and *Quast* is not whether the municipal judge *in fact* had jurisdiction over the subject matter—let alone authority for the specific action—but whether he acted with a *clear absence* of jurisdiction which should have at once been apparent to the ordinary understanding. There was sufficient reason for the

judge here to understand that he had jurisdiction over the city parking violations for which the citations had been given and that ordering plaintiff's arrest came within that jurisdiction.

Plaintiff appears to read *Utley* as stating a universal rule that the issuance of an arrest warrant without a supporting sworn complaint is invariably beyond a magistrate's jurisdiction and the scope of his immunity. Although the opinion contains language which can be so understood, it also states the test of immunity as being whether there is *colorable* jurisdiction and whether there is a *clear absence* of jurisdiction, and it examines a city charter provision as well as state statutes to determine whether the judge had sufficient indices of jurisdiction to satisfy that test. We understand the rule in *Utley* to be that the issuance of an arrest warrant when no sworn complaint has been filed is beyond a magistrate's colorable jurisdiction when the only claimed sources of his authority are the state and local provisions dealing with the issuance of arrest warrants. This is not such a case. The sources of authority on which defendants rely here are the provisions dealing with the judge's subject matter jurisdiction over parking violations. His error, if such it was, was in the performance of an authorized exercise of jurisdiction, and it was not an "unauthorized act by one having no jurisdiction to act." *Utley v. City of Independence, supra,* 240 Or at 388.

Affirmed.[3]

---

[3] Plaintiff's negligence claim contains allegations against the city which could survive the judicial immunity defense. As noted, however, the only arguments that plaintiff makes to us are concerned with that defense.