Argued and submitted September 6; resubmitted In Banc October 12, 1994, affirmed February 22, petition for review denied April 25, 1995 (321 Or 94)

KATHERINE C. REES,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(92D 300994; CA A81476)

890 P2d 1012

In Banc

Richard L. Cowan argued the cause for appellant. With him on the brief was O'Neill, Evans, Swogger & Cowan.

Harrison Latto, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R.

Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

De MUNIZ, J.

**De MUNIZ, J.**

Plaintiff appeals from the judgment for the defendant state in this false imprisonment action. We affirm.

In November, 1991, plaintiff failed to appear for her scheduled trial on a misdemeanor charge. The judge in that case, John B. Wilson, ordered that a "no bail warrant" be issued to secure plaintiff's attendance. The warrant was issued, plaintiff surrendered to authorities, and she was detained in jail for a period of approximately 36 hours.

Plaintiff brought this action, alleging that the issuance of the no bail warrant violated state constitutional and statutory provisions pertaining to the right to and availability of bail, and that the state was liable for its agent Wilson's order leading to the issuance of the warrant and plaintiff's resulting detention.[1] Defendant's answer interposed the affirmative defenses that the warrant was valid and, alternatively, that Wilson's order for its issuance was the performance of a judicial function for which he enjoyed judicial immunity, regardless of whether the warrant was valid.[2]

The case was tried to the court on stipulated facts. The trial judge concluded that the warrant was a lawful one. Therefore, he expressly found it unnecessary to reach the judicial immunity issue. However, the immunity question was fully presented below and here; the answer to it is not only clearer than the answer to the other question, but is beyond reasonable dispute; and that answer leads to the same result that the trial court reached. Consequently, we will decide the appeal on the basis of the judicial immunity defense. *See State Farm Fire v. Sevier*, 272 Or 278, 298, 537 P2d 88 (1975).

*Germeroth v. City of Oregon City*, 83 Or App 533, 733 P2d 32 (1987), was a false arrest and imprisonment action arising out of a municipal judge's issuance of an arrest warrant. Because there was no sworn complaint on file, the

---

[1] In the balance of this opinion, we will use the terms "trial judge," "trial court" and the like to refer to the judge who presided over the false imprisonment case. For ease of differentiation, we will refer to the judge in the underlying case by his name.

[2] Plaintiff's action against defendant is based solely on a theory of *respondeat superior* liability for Wilson's actions. Accordingly, defendant shares any immunity that protects Wilson himself.

issuance of the warrant allegedly contravened various provisions of the state constitution and statutes. When the warrant was issued, there were two parking citations against the plaintiff on file, but they were the apparent result of violations that were committed by the purchaser after the plaintiff had sold the car. In *Germeroth*, we first discussed *Utley v. City of Independence*, 240 Or 384, 402 P2d 91 (1965), where the Supreme Court had held that the judge's act was not protected by immunity, and *Quast v. City of Ontario*, 43 Or App 557, 603 P2d 1210 (1979), *rev den* 288 Or 571 (1980), where we held that the immunity doctrine did apply. We then explained:

> "The salient difference between this case and *Utley* is that, in *Utley*, there was nothing that *could* have come within the judge's jurisdiction at the time he issued the arrest warrant. The judge essentially purported to initiate a prosecution by issuing the warrant before there was any charge on which it could be predicated. Here, conversely, there were two parking citations over which the municipal court had *jurisdiction* under chapter VII, section 45A, of the city charter and section 1-12-3 of the city code, whether or not the court had *authority* to order plaintiff's arrest in exercising its jurisdiction.
>
> "* * * * *
>
> "We understand the rule in *Utley* to be that the issuance of an arrest warrant when no sworn complaint has been filed is beyond a magistrate's colorable jurisdiction when the only claimed sources of his authority are the state and local provisions dealing with the issuance of arrest warrants. This is not such a case. The sources of authority on which defendants rely here are the provisions dealing with the judge's subject matter jurisdiction over parking violations. His error, if such it was, was in the performance of an authorized exercise of jurisdiction, and it was not an 'unauthorized act by one having no jurisdiction to act.' *Utley v. City of Independence, supra*, 240 Or at 288." 83 Or App at 537-39. (Emphasis in original.)

The circumstances in this case are analogous and present, if anything, a more compelling basis for the application of the judicial immunity doctrine than those in *Germeroth*. Wilson had subject-matter jurisdiction over the criminal case in which plaintiff was charged. He directed the issuance of the warrant in the exercise of that jurisdiction;

indeed, he had actual authority to order plaintiff's arrest and to compel her attendance after she failed to appear. *See State v. Ferguson*, 84 Or App 565, 735 P2d 3 (1987).

Plaintiff concedes as much. She states in her brief that her

> "position is not that Judge Wilson was without the jurisdiction to issue a bench warrant. It is wholly within the Judge's legal authority to issue a bench warrant when a person fails to appear for a court hearing. However, it was not within the Judge's legal authority to issue a **no-bail** warrant." (Bold face plaintiff's.)

Assuming the correctness of plaintiff's contention regarding the invalidity of the warrant, Wilson's order that it be issued was not an unauthorized act by one having no jurisdiction to act; as in *Germeroth*, the act was, at most, an error "in the performance of an authorized exercise of jurisdiction." We hold that Wilson's direction to issue the warrant was an immune exercise of his jurisdiction over the criminal case and defendant.

We do not reach the parties' other arguments.

Affirmed.