Argued and submitted November 9, 1998, affirmed March 17, 1999

Valuent WHITE,
*Appellant,*

*v.*

Douglas W. McCABE,
*Respondent.*

(9610-07831; CA A96970)

979 P2d 289

Shay S. Scott argued the cause for appellant. With him on the briefs were Michael E. Haglund and Haglund & Kirtley, LLP.

Ridgway K. Foley, Jr., argued the cause for respondent. With him on the brief were Ridgway K. Foley, Jr., P. C., Greene and Markley, P. C., Michael D. Kennedy, and Kennedy Bowles, P. C.

Before De Muniz, Presiding Judge, and Armstrong and Linder, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Plaintiff appeals from the trial court's grant of defendant's motion for summary judgment on plaintiff's claims for violation of ORS 124.005 to ORS 124.140, the chapter on Abuse of the Elderly and Incapacitated, and ORS 646.605 to ORS 646.656, the Unlawful Trade Practices Act (UTPA). We affirm.

In February 1996, plaintiff sold her North Portland home of 45 years to defendant. At the time, plaintiff was 67 years old, had suffered two heart attacks and had recently undergone open heart surgery to install a pacemaker. While plaintiff was recuperating, Karen Daly, a real estate agent who represents defendant in the purchase of distressed property, made several visits to plaintiff to convince her to sell her property. Those attempts came to fruition when plaintiff accepted defendant's offer to pay $7,000 cash and to assume three liens totaling $17,600. During the negotiations, Daly told plaintiff that she could lose her home if the taxes were not paid.

In October 1996, plaintiff brought this action against defendant alleging violations of the elder abuse statute and the UTPA. She sought an order rescinding the sale, or, alternatively, an order creating and enforcing a constructive trust for any profits received by defendant following resale of the property. Initially, the trial court issued a temporary restraining order and enjoined defendant from reselling the property, which had been offered for sale for $67,500. However, plaintiff's motion for a preliminary injunction was denied after a two-day show cause hearing. Plaintiff then petitioned the Oregon Supreme Court for a Writ of Mandamus, which the court denied.

Defendant then moved for summary judgment on both of plaintiff's claims. The trial court granted defendant's motion against the elder abuse claim on the ground that the record was devoid of any evidence that defendant had been in a position of trust in his relationship to plaintiff, as required to establish a violation of the statute. As to plaintiff's claim under the UTPA, the trial court ruled *sua sponte* that there was no evidence in the record to show that defendant was

engaging in an unlawful practice "in the course of [his] business, vocation, or occupation," within the meaning of the UTPA.

In deciding whether summary judgment was proper, we determine whether the moving party is entitled to judgment as a matter of law, viewing the record, and all reasonable inferences flowing from it, in the light most favorable to the nonmoving party. ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997).

Plaintiff first assigns error to the trial court's *sua sponte* dismissal of her claim under the UTPA. Plaintiff argues that, because the "course of business" element was not disputed by defendant, plaintiff had no reason to offer evidence at the summary judgment stage to establish that element. She cites testimony from the preliminary injunction hearing, which she claims demonstrates that one of defendant's primary business activities is the acquisition of so-called "distressed" properties in the Portland area and that the purchase of her property was a part of that regular business practice. Defendant responds that that testimony from the preliminary hearing is not part of the record on summary judgment and that, in his answer, he denied plaintiff's allegations that he and his agents held themselves out to be reputable real estate dealers or that he was regularly engaged in the good faith purchase of real estate. Defendant argues that, without any countering evidence from plaintiff, his denial becomes conclusive.

We need not resolve that issue because plaintiff's claim fails for another reason argued by defendant below and on appeal, although not dealt with by the trial court. *State Farm Fire v. Sevier*, 272 Or 278, 298, 537 P2d 88 (1975); *Rees v. State of Oregon*, 133 Or App 154, 156, 890 P2d 1012, *rev den* 321 Or 94 (1995). In her first amended complaint, plaintiff alleged that defendant violated the provisions of the UTPA in the following respects:[1]

---

[1] The UTPA provides, in pertinent part:

"(1) A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following:

"* * * * *

"(e) Represents that real estate, goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, quantities or qualities

"a.   Making false and misleading representations of fact concerning the offering price for plaintiff's real property;

"b.   Engaging in unfair, unconscionable and/or deceptive conduct to induce plaintiff to sell her home to defendants.

"c.   Disparaging the real estate, goods, services, property or business of a customer or another by false or misleading representations of fact."

Defendant argues that the evidence does not show that he made false, misleading, or disparaging statements. He claims that plaintiff admitted under oath that his agent Daly made no disparaging or untrue representations concerning the property. Defendant further states that plaintiff conceded that she knew that her property had been condemned as a drug/gang house by the City of Portland and had been foreclosed by Multnomah County for nonpayment of property taxes and was selling for less than market value. He also asserts that plaintiff knew that she possessed a significant period of time within which to redeem the property before expiration of her redemption rights, and that, as a senior citizen, she enjoyed various benefits that could alleviate her financial condition. Defendant cites various portions of a

_____

that they do not have or that a person has a sponsorship, approval, status, qualification, affiliation, or connection that the person does not have.

"* * * * *

"(g)  Represents that real estate, goods or services are of a particular standard, quality, or grade, or that real estate or goods are of a particular style or model, if they are of another.

"(h)  Disparages the real estate, goods, services, property or business of a customer or another by false or misleading representations of fact.

"* * * * *

"(s)  Makes false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services.

"* * * * *

"(u)  Engages in any other unfair or deceptive conduct in trade or commerce.

"* * * * *

"(4)  No action or suit shall be brought under subsection (1)(u) of this section unless the Attorney General has first established a rule in accordance with the provisions of ORS 183.310 to 183.550 declaring the conduct to be unfair or deceptive in trade or commerce." ORS 646.608.

transcript from the preliminary injunction hearing, verified by affidavit, to support his claims.

■ In her reply brief, plaintiff argues that whether defendant's agent made "no disparaging statements or untrue representations" concerning the property is a disputed fact. Plaintiff cites her own testimony from the preliminary injunction hearing as an example of defendant's disparaging statements or untrue representations:

"Q. All right, now what did Karen Daly tell you about the tax situation in the first meeting that was untrue?

"A. She said I would lose my house for the tax and now I don't think that was true."[2]

Plaintiff concedes that there is nothing in the undisputed parts of the record other than this comment that would disparage the real estate. Viewing that statement in the light most favorable to the plaintiff, we conclude that no reasonable trier of fact could conclude that defendant's conduct rose to the level of disparaging statements or untrue representations required to maintain an action under the UTPA. The trial court did not err in granting summary judgment in defendant's favor, albeit on another ground.

■ In her second assignment of error, plaintiff alleges that the trial court erred in dismissing her first claim for relief, brought under ORS 124.110(1)(a), the elder abuse statute, on the ground that the statute does not apply in the absence of a traditional "fiduciary relationship."

ORS 124.110(1)(a) provides:

"An action may be brought under ORS 124.100 for fiduciary abuse in the following circumstances:

"(a) When a person, including but not limited to a person who has the care or custody of an elderly or incapacitated person or who stands in a position of trust to

---

[2] This testimony comes from portions of a transcript of the preliminary injunction hearing included in the record by defendant and verified by defendant's affidavit. It also appears, unverified, in plaintiff's brief. Four pages of transcript from the preliminary injunction hearing were submitted by plaintiff without verification in response to defendant's motion for summary judgment. Those unverified transcript pages are not part of the record, and we do not consider them. *Citizens Valley Bank v. Mueller*, 63 Or App 152, 155, 662 P2d 792 (1983).

an elderly or incapacitated person, takes or appropriates money or property of the elderly or incapacitated person for any wrongful use or for any purpose not in the due and lawful execution of the trust or duty of the person."

Although the plain language of the introductory clause of the statute provides that it applies in cases of fiduciary abuse, plaintiff concedes that no classical fiduciary relationship ever existed between defendant or his agent and plaintiff.[3] However, she urges us to consider the legislative history of the statute, but concedes that the statute does not possess the ambiguity necessary to permit that analysis under *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Because there is no evidence of a fiduciary relationship as required by the plain language of the statute, we conclude that the trial court did not err in granting defendant's motion for summary judgment on this claim.

Affirmed.

---

[3] There is no allegation that plaintiff was ever in the care or custody of defendant or his agent.